CASE 12—PETITION ORDINARY—DECEMBER 17.

# Whitaker vs. Sandifer.

APPEAL FROM LOGAN CIRCUIT COURT.

1. A reply to a set-off denying the correctness of each and every item of debit in an account, is insufficient.

2. In an action on a contract by which the plantiff agreed to serve the defendant as overseer for a year, at a fixed price, the readiness of the plaintiff to perform, and his prevention by the defendant, entitle the former only to the actual damages sustained, and not to the full sum agreed to be paid for the entire year. (6 *Dana*, 352.)

Duvall.
1du261
88 264
1du261
95 488

H. G. Petree, for appellant, cited 16 *B. M.*, 335 ; 18 *B. M.*, 60 ; 6 *Dana*, 352 ; 16 *B. M.*, 384 ; *Sedg. on Dam.*, 210.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On a contract between Whitaker and Sandifer, whereby the latter undertook to serve the former for the year 1860 as overseer of his farm and slaves, for the sum of $399, payable at the end of the year; this action was brought by Sandifer, alleging performance until the 3d of October, 1860, and a readiness and offer to continue his service until the close of the year, and charging that Whitaker discharged him and refused to permit him to complete the service, whereby he sustained special damage.

Whitaker, in his answer, admitting the alleged discharge and refusal, denied full and faithful performance until October, 1860, and any special damage; and pleaded a set-off of notes and executions, and an account also for $93 45, consisting of specific charges for hauling done for Sandifer and articles furnished to him at various times. The reply to the set-off simply denied the correctness of each and every item of defendant's answer and counter claim in the account for $93 45, but admitted the notes and executions.

On that issue the jury found a verdict for the balance of the $399 after deducting only the admitted items. And the court, after overruling a motion for a new trial, rendered judgment for the amount of the verdict.

There are two available objections to the judgment—1st. The denial of the account is too vague and general. There is no denial that the hauling was done nor that the articles were supplied ; all of which may have been done and furnished, though not precisely as charged or for the precise amounts charged. And this is all that the reply necessarily imports.

2d. The pleadings and proof did not authorize the jury to allow the appellee the entire conventional price for the whole year. In such a case, readiness to perform and prevention by the employer are not equivalent to full performance; but only entitle the employee to the actual damages he sustained in his disappointment and loss of equally profitable employment.

If his continued use of appellant's house and ground, and his earnings in other employments, equaled in value his salary for the three months of non-service as appellant's overseer, he might be entitled to nothing for that time. (See *Chambertone vs. McCallister*, 6 *Dana*, 352.) And there is no satisfactory proof of special damage.

The circuit court, therefore, erred in instructing the jury that the appellee was entitled to the full contract price for the whole year, and in refusing to instruct them that his reply did not sufficiently traverse the items of set-off.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.