ALBERT H. PETRIE ET AL. v. JAMES M. LANE.

*Cross-examination—Breach of contract—Rescission—Speculative damages—Verdict.*

1. The right of cross-examination, within reasonable bounds, secures to litigants the best means of ascertaining the reasonableness and truthfulness of the direct testimony; and it is error to deprive counsel

of the opportunity to cross-examine before the witness is discharged from the stand on the close of the direct examination.

2. Where defendant in an action for breach of contract does not admit the contract and plaintiff testifies to it, defendant may put in by cross-examination anything that would tend to show that it was unreasonable or could not have been carried out by either party.

3. In an action for non-performance of contract defendant should be allowed to show by cross-examination of the plaintiff that the latter after the contract was made, had left it discretionary with defendant to rescind.

4. Speculative damages cannot be allowed in an action for such a breach of contract as consisted in defendant's refusal to carry out his agreement to furnish the job of sawing his logs to plaintiffs; only such actual damages as result from defendant's non-performance are recoverable.

5. Irregularities in receiving a verdict were not considered on review where the case had to go back for a new trial anyway, and it was unlikely that the same questions would again arise.

Error to Muskegon. (Russell, J.)    Nov. 11.—Nov. 19.

Assumpsit.    Defendant brings error.    Reversed.

*F. W. Cook* and *Fletcher & Wanty* for appellant.

*Delano & Bunker* for appellees.

Sherwood, J.    In the year 1882 the plaintiffs were copartners and mill-owners engaged in the manufacture of lumber for themselves and others, at the village of North Muskegon. The defendant had a large quantity of logs in the Muskegon river to be sawed, but no mill to saw them.    The plaintiffs claim that on or about the 21st day of July, 1882, the defendant made a contract with them whereby he agreed to furnish to the plaintiffs, in the boom of the Muskegon Booming Company, for sawing, all the logs he had in the Muskegon river which should come down into the boom, under the control of that company, during the sawing season of that year, and that the plaintiffs agreed to saw and pile the same in flat piles on the dock for two dollars per thousand feet, or if they cross-piled the lumber they were to have twenty-five cents per thousand additional; that the contract was verbal, and

upon the conclusion thereof the defendant gave the following written order to the plaintiffs :

"Muskegon, July 21, 1882.

*Muskegon Booming Company :*

Please deliver my logs to A. H. Petrie & Co.'s mill, and oblige,

Yours, etc.,

James M. Lane."

that subsequently, in pursuance of this order, the Booming Company delivered to the plaintiffs 575 logs; that a few days thereafter the defendant took the logs out of plaintiff's boom to another mill to be manufactured, and entirely refused to perform his contract for the balance of the season with the plaintiffs; that the defendant's logs included in the contract amounted to 1,555,000 feet. This suit is brought to recover the damages the plaintiffs claim to have sustained by reason of the refusal of defendant to perform his alleged contract. The plaintiffs' declaration is special upon the contract; plea, general issue. The cause was tried in the Muskegon circuit before a jury, and the plaintiffs had judgment for $1309.56. The defendant denied the contract on the trial, but the jury found specially against him upon that point. The question was made upon the trial whether the plaintiffs had the facilities for doing the defendant's work mentioned in the contract. The plaintiff Petrie went upon the stand as a witness for plaintiffs, and testified to the contract and the number of feet of lumber the parties expected to have sawed and piled under the contract; the defendant's counsel then sought to show upon cross-examination the facilities plaintiffs had for doing the work mentioned. The court refused to allow counsel to make such inquiries.

These should have been allowed; they were both pertinent and material. The attempt to cure this error at a subsequent stage of the trial was not sufficient to remove the grounds of the mischief complained of. It is the privilege of cross-examination, kept within reasonable bounds, which secures to litigants the best means of ascertaining the reasonableness and truthfulness of the testimony given, and it is the right

of counsel to make such examination before the witness is discharged from the stand, after the direct examination has been concluded; and when he is deprived of this privilege it is error. The contract declared upon was not admitted by the defendant, and after it was testified to by the plaintiff anything which would tend to show that it was unreasonable, or could not have been carried out by either party, was proper cross-examination. It was sought to be shown also by Petrie, upon cross-examination, that the plaintiffs, a few days after the contract was made, left it discretionary with the defendant to rescind whatever contract had been made. This was proper, and its exclusion was also error.

Two other questions were presented for consideration upon the argument. The first relates to the rule of damages and the proofs offered upon that subject. It is sufficient to say upon this point no speculative damages can be allowed in the case. If the plaintiffs establish their contract, and the violation of the same by the defendant, such actual damages as they can show they have sustained as the necessary consequence of the defendant's non-performance they will be entitled to recover, and no other. The second relates to some alleged irregularities in receiving the verdict of the jury, and the direction given by the court at the time. As the case must go back for a new trial, and it is not likely the same question will recur, there is no occasion for considering this now.

For the reason above noticed the judgment must be set aside and a new trial granted.

The other Justices concurred.