CASE 42—PETITION ORDINARY—FEBRUARY 16.

# Frazier v. Clark, &c.

### APPEAL FROM LOGAN CIRCUIT COURT.

1. MEASURE OF DAMAGES.—For the refusal of defendant to permit plaintiffs to comply with their contract to saw into lumber all the timber on a certain tract of land, and to saw exclusively for defendant until the timber was exhausted, for which defendant was to pay them at a certain price per hundred feet, plaintiffs are entitled to recover only the actual damages sustained; and as they began to operate their mill prior to the time at which they were to begin work for defendant, and continued to operate it for several months thereafter, and until they sold it, and the sawing was as profitable as it would have been under the contract with defendant, plaintiffs are entitled to recover only nominal damages, although they purchased the mill for the purpose of complying with their contract.

2. THE MEASURE OF DAMAGES for the breach of a contract for the sale and delivery of personal property is the difference between the price to be given and the value of the property at the time and place of delivery.

3. MOTION FOR NEW TRIAL.—The verdict was returned July 16, 1886. The motion for new trial was made July 19. A Sunday intervened. *Held*—That the motion was in time.

4. APPEALS FROM SUPERIOR COURT—PRACTICE.— Where an appeal has been heard in the Superior Court on its merits, and certified to this court as involving a novel and important question, mere rules of practice not taken advantage of in the Superior Court will not be considered here, whether the appeal was granted at the instance of the appellant or the appellee.

This appeal was heard in the Superior Court on its merits, and, upon appellant's motion, was certified to this court as involving a novel and important question. No question was made in the Superior Court as to the bill of exceptions or the motion for a new trial. It is insisted in this court, for the first time, that the motion for a new trial was not made in time, and that the bill of exceptions can not be considered because filed in vacation. *Held*—That these questions will not now be considered.

W. W. LYLES, R. S. BEVIER AND M. B. BOWDEN FOR APPELLANT.

1. The offer to enter upon the performance of a protracted undertaking, and a refusal, entitles the party offering to perform, to recover only the actual damage suffered. (Chamberlin v. McAllister, 6 Dana,

Frazier v. Clark, &c.

352; Thompson v. Jackson, Owsley, & Co., 14 B. M., 92; Barker v. Mann, &c., 5 Bush, 672; Greenleaf on Ev., vol. 2, p. 245; Shannon v. Comstock, 21 Wend., 457; Taylor v. Read, 4 Paige, 571; Hickscher v. McCrea, 24 Wend., 354; Wood on Master and Servant, sec. 125; Whitaker v. Sandifer, 1 Duvall, 261; E. & P. R. R. Co. v. Pottinger & Bro., 10 Bush, 185.)

2. As the evidence shows that appellees received other work which paid them as well as defendant's work would have done, they have suffered no actual damage, and therefore can recover only nominal damages. (Castigan v. M. & H. R. R. Co., 2 Denio., 609; Hoyt v. Wildfire, 3 Johns., 518; Ward v. Ames, 9 Ind., 138; Emerson v. Howland, 1 Mason, 22, 51; In Saxonia Ma. & Red'n v. Cook, 4 West Coast R., 453; Sutherland on Damages, p. 473; Notions v. Cudd., 22 Texas, 550; Chancey v. Robertson, 2 Mill. (S. C.), 404; Decker v. Hassel, 26 How. Pr. (N. Y.), 528; Jones v. Graham, 21 Ala., 654; Gillis v. Space, 63 Barb., 177; Sherman v. Chaplain, Toons & Co., 31 Vt., 162; Byrd v. Boyd, 4 McCord, 246; Howard v. Daly, 61 N. Y., 362; Willoughby v. Thomas, 24 Gratt. (Va.), 522; Polk v. Daly, 14 Abb. Pr. (N. S. N. Y.), 156.)

W. F. BROWDER FOR APPELLEES.

1. Motion for new trial must be made within three days from rendition of judgment, and the day upon which the judgment is rendered and the day upon which the motion is made are both counted. (Civil Code, sec. 342; Long v. Hughes, 1 Duvall, 387; White v. Crutcher, 1 Bush, 472; Humphrey v. Walton, 2 Bush, 280; Imperial Ins. Co. v. Kiernan, 83 Ky., 468.)

2. A bill of exceptions filed in the clerk's office in vacation, and without an order of the court making it a part of the record, can not be considered as a part of the record. (Allard v. Smith, 2 Met., 297; Freeman v. Brenham, 17 B. M., 603; Vandiver v. Griffith, 2 Met, 425; Corley v. Evans, 4 Bush, 409.)

3. There was no error in instructions as to the measure of damages.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

It is alleged in the petition of the appellees that they entered into a contract with the appellant Frazier, to saw for the latter all the timber on a certain tract of land into merchantable lumber, for which they were to be paid at the rate of thirty-three and one-third cents for every hundred feet. They were to begin sawing on a certain day, and continue until they had

completed their contract ; and also, were to saw ex-
clusively for Frazier until the timber was exhausted.
They allege they purchased the saw-mill, and offered
to perform their contract, but Frazier refused to per-
mit them to go upon his land or comply with their
agreement.   That they could have sawed not less than
two million feet of lumber, and claim that, by reason
of the breach on the part of the appellant, they were
damaged in the sum of two thousand dollars.   There
is much conflicting testimony on the issue as to
whether any such contract was made as is alleged,
but the testimony for the appellees conducing to estab-
lish such a contract, and the jury so finding, the
principal question arising in this case is as to the
measure of damages.   The details of the contract are
not all given, but only so much as is necessary to
determine the legal question involved.   The action
was instituted within three weeks from the date at
which the execution of the contract was to begin.
The court below, in instructing the jury, said that as
the appellant had admitted that the timber would
have produced two million of feet, that quantity at
thirty-three and one-third cents per hundred feet is
the basis of recovery, and after deducting from it the
cost of sawing and stacking the lumber, as provided
by the contract, the remaining sum is the amount the
appellee should recover.

It is made to appear from the testimony that the
appellees were running their mill for others prior to
and at the time at which the contract with the appel-
lant was to begin; and further, that their mill was pro-
vided with all the timber it could saw, from the time

the appellees bought it until sold by them, paying as much as Frazier's contract would have paid them. The mill was idle about three weeks and no longer, and continued sawing after it was sold. No loss of work or sawing has been alleged or proven, but, on the contrary, the testimony tends to show that the appellees have sustained only nominal damages. The case is thus presented by the proof: The appellees employ appellants with their mill to go upon his land and saw two million feet of lumber, and not to saw for others until the contract is completed. The appellant refuses to permit appellees to enter and perform their contract. The services of the appellees and their mill were, in violation of the contract, dispensed with, and the appellees, as their own engineer and witness testifies, operated the mill from May preceding the first of June, when the work for appellant was to begin, until Christmas of the same year, and the sawing was as profitable as it would have been if running under the contract with appellant. If, therefore, the appellees are permitted to recover the entire profit that could have been realized on the contract with the appellant, and have run their mill continuously with the same profit for others, they are permitted to recover or make double profits.

The amount of recovery in a case like this is the actual damages sustained. Suppose the appellees had brought their action after the time for the performance of the contract on their part, and it had been made to appear from the testimony that they had, by the use of their mill and their own services in running it, made more profit than they could have

realized from the contract with appellant; will it be insisted that the appellees could recover more than nominal damages. If charged with the profit that could have been made during the period, it would be just and equitable that appellant should be credited by the value of the use of the mill by the appellees for the same time, and if, in summing up the profits, the appellees have lost nothing, there has been no injury.

The instruction given in this case makes the offer to perform equivalent to actual performance, when the appellees were only entitled to the actual damage. They had equally as profitable employment in the same county and neighborhood, and, therefore, lost nothing, looking to their own testimony. The criterion of recovery for the sale and delivery of personal property, where there is a breach, is the difference between the price to be given and the value of the property at the time and place of delivery; but the case presented here is not within that class, and in ascertaining the actual loss sustained, if the appellees, with their personal services connected with the operation of their mill, have sustained no damage, there is no reason for making the appellant pay the profit they have already received, for all the complaining party is entitled to is a just recompense for the actual injury sustained.

The principle governing this case is similar to that in regard to contracts for personal service, as in the case of Whittaker v. Sandifer, 1 Duv., 261. Whittaker was to serve Sandifer for one year as an overseer on his farm for a fixed sum. Sandifer discharged him

after Whittaker had been in his service for some months, and the result was an action to recover the price agreed to be paid for the year's labor, in which it was held by this court that he was entitled only to the actual damage sustained, and determining, in effect, that if he had equally profitable employment after his discharge, the damages would be nominal.

In the case of Petrie v. Lane, 58 Mich., 527, the plaintiffs owned a saw-mill, and agreed to saw 4,000,000 feet of logs, to be delivered by the defendant in a certain year, the plaintiffs to be paid a fixed price for sawing. The logs were not delivered, and the plaintiffs sued for the loss of profits, and insisted that, as a matter of law, they were entitled to all the profits they could have made on the contract, regardless of the actual damage they had sustained. Their mill was not closed, but working all the time sawing other lumber to its fullest capacity, upon which they made like profits, and by giving them the same profits against the defendants, they were doubling the capacity of their mill as well as their profits. As the right of recovering actual damages in that case was disclaimed, the judgment for the defendant was affirmed. This is a much stronger case against the recovery than the case cited. Here the appellant had contracted for the service of the appellees, in connection with the operation of their mill, for such a time as would enable them to saw the timber on his farm, the use of the mill to be applied to the sole purpose, and no other, without the consent of the appellant. There was a breach of the contract by the defendant, and the appellees, with their mill, proceeded at once to saw for others, running contin-

ually for the period of seven months, and until sold
by the appellees, making as much or more profit than
would have been made if the contract had not been
violated by the defendant.   There was no sale of the
timber to the appellees, or such stipulations in the
contract as would bring the case within the rule as
to the measure of damages when applied to a breach
for the failure to deliver personal property, or in the
case of ordinary contracts for the refusal to permit the
execution of specified work.   The machinery must be
used, and not allowed to remain idle that the owner
might speculate on the probable profits to be derived
from the particular undertaking.   If A, with his ma-
chine, undertakes to thresh the grain of B on a named
day, at a fixed price per bushel, and B declines to
permit the work to be done, it does not follow as a
matter of law that A can recover the contract price,
less the costs of his hands, as his damages.   If he
should employ his machine in threshing a like quantity
of grain for others on the same day, with no loss of
time or inconvenience by reason of B's conduct, the
injury is nominal only.   In this case there was no
allegation of any extra expense, loss of time, or any
special injury alleged or proven by the appellees, nor
their failure to obtain like employment with like
profits, or, if obtained, for less profit than that to
be realized from the contract with appellant, but a
general averment that actual damages had been sus-
tained to the amount of two thousand dollars, when
the proof shows that no actual injury had been sus-
tained.   Nominal damages should have been awarded.

The judgment is reversed, and cause remanded,

with directions to set aside the verdict, grant the appellant a new trial, and for proceedings consistent with this opinion. Under this view of the case we have not considered the other questions raised. If the appellees can amend their petition, the answer can then controvert the amount of lumber that is alleged could have been made from the timber, etc.

To a petition for rehearing filed by counsel for appellee, Judge PRYOR delivered the following response:

The silence of this court in regard to the questions raised in the last brief of counsel, was of itself sufficient to suggest that his brief filed on the appeal from the Superior Court, had not been read or considered, and therefore some explanation is required why the questions raised were not disposed of. The case was appealed from the Superior Court to this court, and involved an interesting question in regard to the measure of damages. The question made and decided was certified by the Superior Court as novel, and of sufficient importance to be passed on by this court, and in the examination of the record, the briefs of counsel on each side were found attached to it, and were carefully read and considered on the hearing. The brief filed by counsel now complaining, and considered by this court, discussed the merits of the controversy arising on the evidence and the instructions, and with a full presentation of the questions certified by the Superior Court, this court rendered the opinion reversing the judgment below, differing with the Superior Court as to the measure of damages.

There was, in fact, a reversal in both courts on that point, and it was the certificate from the Superior Court that enabled this court to determine the question. We have examined, since the petition was filed, the brief filed by the appellee in this court, and find two questions raised that were not made in the Superior Court or considered here. The first is that the motion for a new trial was not made in time. The verdict was rendered on the sixteenth of July, and the motion was not made until the nineteenth of the month. An examination of the calendar will show that Sunday intervened between the two periods in the year 1886, when the trial was had, and, therefore, the motion was heard or made in proper time.

The second objection is that the bill of evidence was not filed during term time, but in the clerk's office under an order giving the appellant sixty days in which to prepare the bill. It was signed by the judge, and there is no order showing that it was ever filed in court. These facts appear, but it still further appears that no motion was made in the Superior Court to strike the bill of evidence from the record, either because it was not filed in time, or for the reason that the motion for a new trial was not made within the three days. The case was then presented and heard on its merits, and the evidence discussed by counsel as being part of the record. Now, this court, instead of deciding the important question involved, is called on to determine what parts of the record are to be considered, and, in effect, to dismiss the appeal if the pleadings sustain the judgment, without regard to the evidence or the instructions.

These objections come too late from either party, and the fact that the appeal was granted at the instance of the appellant can make no difference. While all laws regulating appeals from other courts to the Court of Appeals, so far as the same are applicable, regulate appeals to this court from the Superior Court, that court has the jurisdiction to hear and determine finally questions arising in a case like the one before us, and to permit either party, after an argument in that court on the merits, and a decision rendered either way, to make a motion to dismiss on either of the grounds stated would be trifling with the administration of justice, and imposing such useless labor on the Superior Court in the investigation of intricate legal questions that can not be sanctioned. The rules of practice, if not taken advantage of in the Superior Court by having them passed on, will not be considered here. The appeal is allowed to this court merely because the legal questions raised are involved in doubt, and not that we may exercise the right of dismissal because the record is defective, when no such point has been made in that court. Mere irregularities in the proceedings of inferior courts to the circuit court are disregarded, and with a court of the dignity and learning of the Superior Court to hold that questions involving mere motions to dismiss that were never raised in that court, are to be disposed of on the certificate from that court asking, in effect, a decision of the legal questions raised that determined the merits of the controversy, would be not only trifling with the labors of that court, but a plain disregard of the purpose for which the appeal is granted. Petition overruled.