### BEAN *v.* CARLETON *et al.*

*(Supreme Court, General Term, First Department.* December 31, 1890.)

**1.** ASSUMPSIT—MONEY HAD AND RECEIVED.
  The plaintiff may maintain an action to recover money advanced to the defendants in prepayment of services to. be rendered under contract, if such contract be not performed.

2. SPECULATIVE DAMAGES.
> A contract for the publication by defendants of a book written by plaintiff provided that plaintiff should advance $900 to defendants, to be repaid when 2,000 copies of the book should be sold, and that defendants should pay plaintiff a royalty on all copies sold after the first 2,000. *Held* that, on failure of defendants to print 2,000 copies, plaintiff was not entitled to recover for the loss of her manuscript, as such damages were too speculative, but she was entitled to recover the money advanced by her under the contract.

Appeal from circuit court, New York county.

Action by Fanny Bean against George W. Carleton and another, doing business as G. W. Carleton & Co. The parties entered into a contract for the publication of a book written by plaintiff. It provided that at the commencement of the work the author should advance to the publishers $900, the receipt of which was acknowledged; and that "Carleton & Co. shall publish said book, and repay to said Bean the said $900 as soon as the sale of the said book reaches 2,000 copies, but not pay any portion back until 2,000 are sold." It furthermore provided that on all sold over and above the first 2,000 Carleton & Co. should pay Miss Bean, as copyright, the sum of 20 cents each; that editorial copies given away were to be exempt from copyright; that settlements and payments were to be made semi-annually on application. Judgment was entered on a verdict for plaintiff, and both parties appeal. For former report, see 4 N. Y. Supp. 61.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*A. B. Cruikshank,* for plaintiff. *I. D. Warren,* for defendants.

VAN BRUNT, P. J. This is the third time that this case has been before the general term. Upon the previous appeals it was determined that the plaintiff had a right to offer parol evidence showing that the written contract mentioned in the pleadings did not comprise the whole contract entered into between the parties, but that additional agreements had been made. Although much may be said against the conclusion arrived at, yet, upon this appeal, we think that it should be followed, and therefore that branch of the case will not be again discussed.

The only other questions raised by the defendants are as to the rule of damages, and an exception to the admission of certain evidence. If the contract was as claimed by the plaintiff, and there was a breach on the part of the defendants, then clearly the plaintiff would have a right to recover back that which she had paid thereunder, because there is no evidence tending to show that the plaintiff had benefited by the contract so far as it was performed. The defendants failing to do that for which the money was advanced, necessarily gave the plaintiff the right to recover back that which she had paid. As to the exceptions to the admission of evidence, we have examined them, and find none of them which calls for a reversal of the judgment. Upon the whole case, therefore, we think that the judgment should be affirmed.

#### APPEAL BY PLAINTIFF.

VAN BRUNT, P. J. The plaintiff claims by her appeal that the verdict was too small, and that she was entitled to damages for the loss of her manuscript. We think, however, where the plaintiff was allowed to recover back the total amount paid under the contract, the evidence as to the damage to the manuscript resulting from the failure to print 2,000 copies (1,000 only having been issued) was too speculative to justify any recovery thereunder, and therefore the learned judge ruled correctly in limiting the amount of damages to the moneys paid by the plaintiff under the contract in question. We think, therefore, that the judgment, so far as it is appealed from by the plaintiff, should be affirmed upon her appeal.