STEVENS v. YALE.

1. DAMAGES—BREACH OF CONTRACT—LOSS OF PROFITS.
   The damages for the breach of an agreement to advertise certain remedies over the name of a druggist, who gives an order for such remedies, are too speculative to permit of a recovery.

2. SAME—JUDGMENT—HARMLESS ERROR.
   A judgment for defendant in an action wherein a judgment for plaintiff for nominal damages would not have carried costs will not be reversed for failure to award such damages.

Error to Wayne; Frazer, J. Submitted June 17, 1897. Decided July 13, 1897.

*Assumpsit* by Fred D. Stevens and Frederick J. Todd, copartners, against Madame M. Yale, for the breach of a contract to advertise defendant's remedies as on sale at plaintiffs' store. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

*Lehman Bros.* and *F. J. Riggs*, for appellants.

*Dickinson & Thurber* and *Benjamin S. Warren*, for appellee.

HOOKER, J.   On February 5, 1894, the defendant, through her business manager, executed and delivered to the plaintiffs a writing, of which the following is a copy:

"DETROIT, MICH., February 5, 1894.
"I hereby agree, in consideration of receiving an order on my line of preparations from Messrs. Stevens & Todd, to add their names at bottom of all my advertisements in Detroit papers, stating a full line of my remedies can be had from them at both their stores, providing they continue to carry my full line in stock, and furthermore agree at any time to exchange for them any of my remedies which they find unsalable.   The first order to amount to not less than $150.
"MADAME M. YALE.
"W. B. WILSON, Bus. Mngr."

The oral evidence showed that the plaintiffs were druggists, and the "remedies purchased were beautifiers for women," etc., upon which there was a profit of 50 per cent.; that, at the time of the execution and delivery of the writing, they gave an order for goods to the amount of $162.70, and had sold them since; that for a period of eight months, or thereabouts, their names appeared at the bottom of defendant's advertisements in Detroit newspapers, but, about eight months after the writing was made, she appointed Messrs. Williams, Davis, Brooks & Co. her wholesale agents at Detroit, and their names only appeared in the advertisements thereafter.   After that time, at the request of the defendant, plaintiffs purchased from the wholesale agents in Detroit, finding it more convenient to do so.   This action is brought to recover damages for defendant's failure to advertise over the plaintiffs' names.   The judge directed a verdict for the defendant, holding—*First*, that there was a want of mutuality in the contract; and, *second*, that all damages attempted to be shown were speculative.

We need not discuss the question of the validity of this contract. If it be treated as valid, and it be admitted that there was a breach of the contract by the defendant, the damages' sought to be recovered were speculative. The injury suffered, if any, was a loss of such profits as would have resulted from advertising,—a matter of mere conjecture, depending upon the number who might read and act upon the advertisement. *Petrie* v. *Lane*, 58 Mich. 527; *Fitzsimmons* v. *Chapman*, 37 Mich. 139 (26 Am. Rep. 508); *McKinnon* v. *McEwan*, 48 Mich. 106 (42 Am. Rep. 458); *Allis* v. *McLean*, 48 Mich. 428; *John Hutchinson Manfg. Co.* v. *Pinch*, 91 Mich. 156; *Davis* v. *Davis*, 84 Mich. 324. We have held in several cases that loss of profits may be recovered where the loss of profits and their amount can be shown with certainty. But here the effect of this failure to advertise is most uncertain, and the circuit court was correct in holding that such damages were not recoverable.

Counsel for the plaintiffs urge that a new trial should be granted because the plaintiffs were entitled to nominal damages. This action was commenced in circuit court, and, under the statute, the plaintiffs would not be entitled to costs upon a judgment for nominal damages, and the judgment should not be reversed upon this ground. *Hickey* v. *Baird*, 9 Mich. 38; *Haven* v. *Manufacturing Co.*, 40 Mich. 290.

The judgment is affirmed.

The other Justices concurred.