MERRIAM v. UNITED STATES.*

ANDERSON v. SAME.

(Circuit Court of Appeals, Second Circuit. April 3, 1922.)

Nos. 248, 249.

1. Wills ☞102—"Bequest" is gift of personalty.

The conditional or unconditional voluntary disposition of personal property by will is a "bequest."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bequest.]

2. Wills ☞716—Not essential for executor to qualify to become entitled to bequest.

Under a will giving legacies to persons named as executors, and providing in a subsequent clause that such bequests were in lieu of all compensation or commissions, it was not essential for the legatees to qualify as executors to become entitled to their legacies.

3. Wills ☞716—Bequest, conditional on willingness to qualify as executor, is legacy.

A bequest to one in lieu of compensation for his services as executor, which is conditioned only on his willingness to qualify and serve, if circumstances permit him to do so, is a legacy.

4. Internal revenue ☞7—Presumed that Congress intended to give word its settled construction.

It must be assumed that Congress, in providing in Income Tax Act 1913, § 2B, that property acquired by bequest is not included in income, intended to give the term "bequest" its settled construction, well known and sanctioned by judicial decision.

5. Statutes ☞245—Statutes levying taxes not extended by implication.

In interpreting statutes levying taxes, it is the rule not to extend their provisions by implication beyond the clear import of the language used, or to enlarge their operations, so as to embrace matters not specifically pointed out.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*For opinion below, see 275 Fed. 109. Certiorari granted 258 U. S. —, 43 Sup. Ct. 88, 67. L. Ed. —.

**6. Internal revenue ⊚⟹7—Provision in Income Tax Act as to property acquired by bequest, etc., held words of exception.**

Under Income Tax Act 1913, § 2B, providing that income includes the income, but not the value of property "acquired by gift, bequest, devise, or descent," the quoted words are words of exception, and not of exemption.

**7. Wills ⊚⟹716—Will giving legacy to executor held not to give merely permission to work for legacy.**

A will containing legacies in favor of persons named as executors, and providing in a subsequent clause that such bequests were in lieu of compensation or commission, intended to give a legacy, and not merely to permit executors to work for it.

**8. Internal revenue ⊚⟹7—"Salaries" and "wages" defined.**

Under Income Tax Act 1913, § 2B, providing that net income shall include income from salaries, wages, or compensation for personal services, "salaries" indicates a periodical payment as compensation for regular employment, while "wages" generally applies to manual labor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Salary; Wages.]

**9. Internal revenue ⊚⟹7—Income Tax Act reaches all forms of payment for services, but payment must be consideration for labor.**

By Income Tax Act 1913, § 2B, Congress intended to cover payments under contracts of employment, expressed or implied, and to reach all forms of payment for services rendered; but whatever is sought to be taxed as compensation for services must be the consideration for work performed, or to be performed, and must be derived from or flowing from labor.

**10. Internal revenue ⊚⟹7—"Income" defined.**

"Income," within the Constitution, is the gain derived from capital or labor, or from both combined, including the profit gained through a sale or conversion of capital assets.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

**11. Wills ⊚⟹662—Manifestation of intention to act as executor entitles one to legacy.**

As a general rule, if an executor unequivocally manifests an intention to act in the executorship, that will be a performance of the condition on which a legacy to him depends, though he be prevented by circumstances from actually serving.

**12. Internal revenue ⊚⟹7—Legacies to executors held not taxable as income; "acquisitions by bequest."**

Under a will giving legacies to persons named as executors, and providing that such bequests were in lieu of all compensation or commissions to which they would otherwise be entitled, such legacies were payable independent of services, and were "acquisitions by bequest," within Income Tax Act 1913, § 2B, and not taxable thereunder.

In Error to the District Court of the United States for the Southern District of New York.

Actions by the United States against Frederick L. Merriam and against Henry B. Anderson, to recover an income tax under the Income Tax Act of 1913. Judgments for the United States, and defendants bring error. Reversed.

Roy C. Gasser, of New York City (William H. Hayes, of New York City, of counsel), for plaintiffs in error.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William Hayward, U. S. Atty., of New York City (Thomas J. Crawford, Asst. U. S. Atty., of New York City, and P. C. Alexander, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for the United States.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. We shall refer to the parties herein as plaintiff and defendants, as below. Plaintiff sued to recover an income tax claimed to be owing by each of the defendants, arising out of moneys received by them from the estate of Alfred G. Vanderbilt. After the service of an amended complaint, a demurrer was interposed, and motions were made for judgments, which resulted in judgment for the plaintiff in each of these actions.

Alfred G. Vanderbilt died May 7, 1915, leaving a will which was duly admitted to probate on June 16, 1915. In that will he made a bequest to each of the defendants. This article of his will reads as follows:

"Eleventh. I give and bequeath to my brother Reginald C. Vanderbilt five hundred thousand dollars ($500,000) ; to my uncle, Frederick W. Vanderbilt, two hundred thousand dollars ($200,000); to Frederick M. Davies, five hundred thousand dollars ($500,000) ; to Henry B. Anderson, two hundred thousand dollars ($200,000); to Frederick L. Merriam, two hundred and fifty thousand dollars ($250,000) ; to Charles E. Crocker, ten thousand dollars ($10,000), and to Howard Lockwood, one thousand dollars ($1,000).

"I give and bequeath to each of those persons who may be in my employ at my farm known as 'Oakland Farm,' at Portsmouth, Rhode Island, or on my properties known as 'Sagamore Lodge,' Camp 'Kill-Kare,' or 'Moose River Tract,' or on any of my other property in Hamilton county, New York, or in my stable or garage in the city of New York, or in my apartment in Gloucester House in London, England, at the time of my decease, and who at that time shall have been in my employ for a period of five years consecutively, an amount equivalent to his or her wages for the last year of such period."

Article sixteenth thereof provides as follows:

"The bequests herein made to my said executors are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustee."

These bequests were paid to the defendants in 1915 in the due administration of the estate. The amended complaint recites that each bequest was received "as given to him by said will." Each of the defendants made a return of his income for taxation prior to March 15, 1916, and neither included in said return this legacy so received. Their positions rest upon the act of Congress then in force (38 Stat. 114, 166), providing that—

"Income of a taxable nature shall not include the value of property * * * acquired by bequest."

The statute provides in section 2B for exemptions and deductions, and that—

"Net income of a taxable person shall include gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form * * * or the transaction of any lawful business carried on for gain or profit, or gains or profits and income derived from any source whatever, including the income from but not the value of property acquired by gift, bequest, devise, or descent."

Both of the defendants qualified as executors, as did the others named, excepting Mr. Davies, who died five days before the death of the testator and his legacy subsequently lapsed. The Commissioner of Internal Revenue made these legacies taxable as income, and the refusal to pay the assessment gave rise to these actions. The defendants contend that the bequests to them were legacies in the universally accepted and legal meaning of the term, and as it is used in the Income Tax Act; further, that what was received is not taxable income, because it was not given as consideration for services, and was not derived from labor. Merchants' Trust Co. v. Smietanka, 255 U. S. 509, 41 Sup. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305. Income has been frequently described "as the gain derived from capital, from labor, or from both combined." Stratton's Independence v. Howbert, 231 U. S. 399, 34 Sup. Ct. 136, 58 L. Ed. 285. And later, using the same definition, the Supreme Court has said that income can be defined as a gain derived from capital, from labor, or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets. Eisner v. Macomber, 252 U. S. 189, 40 Sup. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570.

[1] The conditional or unconditional voluntary disposition of personal property by will is a bequest. Jessup's Redfield, § 917, p. 1138. A bequest in lieu of dower, which is a legacy given conditional upon the surrender by the legatee of a right of dower, has been held to be a bequest. Orton v. Orton, *42 N. Y. (3 Keyes) 486. In the cited case, the legacy was given in lieu of dower, and a provision was made that, should there be a surplus in the estate after the payment of the legacies, the legatee should share proportionately therein. The executors assumed the position that the widow was not entitled to any part of the surplus, on the ground that a bequest in lieu of dower was not a legacy, and that therefore she was not a legatee; but the court held that, notwithstanding the bequest to the wife was declared to be in lieu of dower, it was still a legacy. "Such it was in legal as well as common parlance, and it is constantly called by that name in the books."

Direction by the testator that his debts should be paid negatives the presumption that a bequest to a creditor is conditional upon a waiver of his claim, and makes his legacy absolute. Boughton v. Flint, 74 N. Y. 476. Bequests to executors or trustees in lieu of compensation for their services, or "for their care and pain," have been held to be bequests in every acceptation of that term. And a legacy to an executor, even expressed to be "for care and pains," is not to be regarded in the light of a debt, or as founded in contract, or to be governed by principles applicable to contracts, for to do so would make the executor who undertook the discharge of his duties entitled to his legacy in preference to all other legacies, even if there were a deficiency of assets to satisfy all of them, and a legatee of this description must abate equally with other legatees. Morris v. Kent, 2 Edw. Ch. 179.

A will providing a bequest of $700 over and above any and all commissions to an executor entitled him to receive it (upon condition that the executor should accept and qualify), not as compensation for

services, and it was held not to abate with the general legacies. It was said to be a general legacy, and subject to abatement. Waters v. Collins, 3 Dem. Sur. (N. Y.) 374. Lord Hardwicke, in Heron v. Heron (2 Atk. [English Reports, vol. 26, p. 507] 171) says that bequests to executors "even though given expressly for care and pains, do not differ from general legacies so as to take them out of the ordinary rule in respect to abatement for deficiency of assets." Clayton v. Akin, 38 Ga. 320, 95 Am. Dec. 393, held that $1,000 given and bequeathed "for any extra trouble he may have in executing this my will" was a legacy to the executor in every aspect of it, a general legacy, and, as to abatement in case of a deficiency of assets, must take its fate as such.

[2-5] Bequests are either absolute or conditional, vested or contingent. It was not essential for the legatees named to qualify in order to become entitled to their legacies. A bequest to one in lieu of compensation for his services, which is conditional only upon his willingness to qualify and serve if circumstances permit him to do so, is nevertheless a legacy. We must assume that Congress had in mind, by using the term "bequest" in the Income Tax Law, to give to it that settled rule of construction well known and sanctioned by judicial decision. Kepner v. U. S., 195 U. S. 100, 24 Sup. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655. That presumption is "resistless, except against an intention imperatively clear." Lynch v. Turrish, 247 U. S. 221, 38 Sup. Ct. 537, 62 L. Ed. 1087.

In interpreting statutes, levying taxes, it is the rule "not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out." Gould v. Gould, 245 U. S. 151, 38 Sup. Ct. 53, 62 L. Ed. 211. The case differs from one where there is a provision in a will to pay a contractual obligation, a debt, which would be collectible, even if the obligor did not provide for its payment by will, for there the money agreed to be paid would be acquired by contract, and not by bequest. In re Baker, 178 N. Y. 575, 70 N. E. 1094; Matter of Vanderbilt, 184 App. Div. 661, 172 N. Y. Supp. 511; In re Alfred G. Vanderbilt, 226 N. Y. 638, 123 N. E. 893. Everything that comes is not income taxable under the statute. So. Pac. Co. v. Lowe, etc., 247 U. S. 330, 38 Sup. Ct. 540, 62 L. Ed. 1244.

[6, 7] It is clear that Congress intended the words "acquired by gift, bequest, devise or descent" to be words of exception, and not of exemption. The word "bequest" is used in the exemption clause of the act, and the act provides that income shall include all gains derived from compensation for personal services, except property acquired by bequest. It is clear that it was the intent of the testator to give the legacy, and not to permit the executors to work for it.

[8-11] It is contended by the government that article sixteenth of the will is in effect a testamentary fixing by the testator of the compensation to be paid for services to be rendered by his executors; but bequests are not compensatory—they are donative. The taxing statute intended something different. The compensation for personal services of whatever kind and in whatever form immediately follows

and supplements the term "salaries" in the statute, which indicates a periodical payment made as compensation for regular employment (Benedict v. U. S., 176 U. S. 357, 20 Sup. Ct. 458, 44 L. Ed. 503), and wages which are generally applied for manual labor (Matter of Stryker, 158 N. Y. 526, 53 N. E. 525, 70 Am. St. Rep. 489). We think Congress contemplated and intended to cover payments under contracts of employment expressed or implied, and intended the taxing statute to reach all forms of payment for services rendered. But this does not affect the intention of Congress that the essential factor be present that whatever is sought to be taxed under the phrase must be a consideration for work performed or to be performed, and that it must be compensation derived from or flowing from labor. The income, within the purview of the Constitution, is defined to be a gain derived from capital, from labor, or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets. Eisner v. Macomber; Straton's Independence v. Howbert, supra; Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 Sup. Ct. 467, 62 L. Ed. 1054. A legacy acquired by bequest does not proceed from labor.

[12] The question must be determined, not by the phrase "in lieu of commissions," but upon the question of whether the bequest was in fact a consideration for services to be rendered. The bequests were not stipulated as a condition for service. As a general principle, if an executor unequivocally manifests an intention to act in the executorship, that will be a performance of the condition upon which his legacy depends, although he be prevented by circumstances from actually serving. 2 Williams on Executors (6th Am. Ed.) 1394; Morris v. Kent, supra; Scofield v. St. John, 65 How. Prac. (N. Y.) 292. In the case of Brydges v. Wotten, 1 Ves. & Beam, 134, a legatee named as trustee, and to whom the legacy was given as a token of regard and recompense for his trouble, died 19 months after the death of the testator, without having acted at all, and he was held to have become entitled to his legacy, in the absence of any refusal or neglect to act.

The rule of law is well settled that, where bequests are made conditional only upon being ready and willing to assume the executory office, provided circumstances permit them to do so, to entitle them to legacies, it is not required of them that they should render services for which they would have a legal claim for compensation in the form of commissions. Inability of a legatee to enter upon performance of service as executor would not prevent the absolute vesting of a bequest in him in lieu of commission. Bean v. Carleton, 58 Hun, 611, 12 N. Y. Supp. 519, affirmed 126 N. Y. 642, 27 N. E. 852; Wheeler v. Board, 12 Johns. (N. Y.) 363.

Assuming that the executors named had all died in a common disaster before the formalities of the probate of the will had been completed, could not their representatives respectively insist upon payment of the respective legacies? There is little doubt that the legacies would then have been acquired by bequest within the meaning of the law. We think the whole of each legacy was payable independent of services. It was an acquisition to each legatee by bequest, within the meaning of the taxing act, and was therefore not taxable as income.

Judgments reversed.