Common Pleas Court of Cuyahoga County.

SECOND SPIRITUALIST CHURCH V. CLEVELAND COMPANY.

Decided, January Term, 1928.

*Samuel Burgert and Fred C. Printy, Attorneys for Plaintiff.*

*S. V. McMahon and F. W. Zimmerman, Attorneys for Defendant.*

SILBERT, J.

The defendant herein is the publisher of a daily newspaper in the city of Cleveland known as "The Cleveland News" and the plaintiff is a religious organization.

Both parties having waived a jury in this matter and having submitted an agreed statement of facts, the sole question before this court is a question of law.

From the agreed statement of facts, it appears that the plaintiff and defendant entered into a contract whereby the plaintiff agreed to use a certain number of lines of advertising in the columns of the defendant's paper, a specified number of times during the period of one year, for which the plaintiff agreed to pay certain compensation to the defendant.

It also appears that after the contract had been performed by both parties for the period of about six months, the defendant company declined to publish any of the advertising of the plaintiff, offered to the defendant by the plaintiff, for publication under the contract.

It appears from the record that for some time prior to the time that the defendant refused the advertising of the plaintiff, a great amount of publicity, through the columns of the various daily papers in the city of Cleveland, was appearing regarding the arrest of certain mediums and other persons who claimed to be spiritualists.

It also appears that the attendance at the services of the plaintiff was greatly diminished after the defendant refused to publish the advertising of the plaintiff.

Just what effect the publicity, appearing in the daily papers had upon this diminution of attendance, does not clearly appear from the agreed statement of facts, but it is unnecessary for the court to consider this phase of the situation for the reason that the rights of the parties turn upon a different question of law. It is a fundamental doctrine of the law that when damages complained of are so speculative and remote, that they cannot be determined with any degree of certainty, no remedy is afforded for such a damage by the law.

Contracts very similar to the one before this court, have been considered in other jurisdictions, and the same question now confronting this court, has been passed upon.

The question has never before arisen in a reported case in the state of Ohio, and, therefore, this court is compelled to look to the adjudicated cases of the other jurisdictions in which the matter has been determined.

The earliest case appearing in the reports is that of *Eisenlohr* v. *Swain,* 35 Penn. St., 328. This case was decided in 1851 and grew out of the failure of the proprietors of a newspaper to insert an advertisement of a public sale which was to be conducted by the plaintiff in that case. The plaintiff had paid for the insertion of such advertisement in advance, and he sued to recover the amount he had paid for the advertisement which was not published and for damages on account of the failure of the defendant to make such a publication.

As a part of his claim for damages, the plaintiff in the case, claimed that the failure to insert the advertisement had greatly affected the attendance at the sale, and that by reason thereof, the number of bidders was diminished, and the prices obtained for the goods sold, were very much smaller than would have otherwise been obtained had the defendant performed his agreement with the plaintiff.

The matter reached the Supreme Court of Pennsylvania, and that court, in the volume and page referred to above, held this to be the rule, as announced in the syllabus in that case:

"The measure of damages, in an action against the proprietors of a newspaper for neglecting to insert an advertisement of a public sale, for which they had collected the publication fee in advance, is the sum paid them for such publication. Speculative damages are too remote."

And the Supreme Court of Pennsylvania thereupon denied the right of the plaintiff in that case to recover any damages whatsoever and allowed recovery for the fee which was paid in advance.

About thirty-five years later, the matter came before the Illinois courts in the case of *Tribune Company* v. *Bradshaw, appearing* in 20 Ill. App., 17.

In this case, there was failure on the part of the Tribune Company to fulfill a contract with Bradshaw for the publication of his advertising—very similar to the contract in the case at bar—and the Appellate Court of Illinois refused to permit a recovery under such a set of facts, for loss of profits on the business which might have been attracted to the plaintiff by the advertisements.

In passing upon the question, the court say:

"His damages then consist, first, of the contract price paid; and second, in a deprivation of the advantages or profits which he would have realized as a result of the advertisement if it had been published. There is no other conceivable loss of damage to which he has been subjected by reason of the non-performance of the defendant's contract.

"Of the two items, the first is fixed, certain and proximate, while the second is merely speculative and remote, and therefore, incapable of being estimated or made the subject of a recovery at law."

Some time later, the question came before the Supreme Court of Michigan in the case of *Stevens* v. *Yale,* 113 Mich., 680, and that court reached the same conclusion that the courts of Pennsylvania and Illinois had reached, namely, that there would be no recovery for these damages.

The Michigan Supreme Court in part in that case, said:

"We need not discuss the validity of this contract. If it be treated as valid, and it be admitted that there was a breach of the contract by the defendants, the damages sought to be recovered were speculative.

"The injury suffered, if any, was loss of such profits as would have resulted from advertising—a matter of mere conjecture, depending upon the number who might read and act upon the advertisement. * * * We have held in several cases that the loss of profits may be recovered where the loss of profits and amounts can be shown with certainty. But here the effect of this failure to advertise is most uncertain and the circuit court was correct in holding that such damages were not recoverable."

There does not appear to have been a single reported case in any of the jurisdictions of the United States wherein the plaintiff was permitted to recover for damages on account of a breach of contract similar to the one under consideration by this court, so that it is fair to say that the unanimous opinion of the courts of this country is that no recovery can be had on account of the breach by a publisher of a contract to publish advertising in his publication, because of the uncertainty, speculative character and remoteness of the damages.

There are so many elements affecting the patronage of advertisers that it would be practically impossible to determine with any degree of certainty the effect of the failure to publish advertising upon the patronage of the advertiser.

One of the great problems confronting advertisers all over the country is to determine the direct power of advertising.

The weather, the advertising of competitors, the effect of unfavorable publicity concerning the matter advertised, and countless other elements, are involved in a consideration of the entire question, and an attempt by a court or jury to follow all the ramifications which would necessarily have to be followed in such an investigation, would lead the court or jury into such a labyrinth of speculation, that no conclusion could be arrived at having the certainty that is required by law.

For these reasons, and on account of the adjudications in other jurisdictions, no recovery can be afforded to the plaintiff herein, and its cause of action must, therefore, necessarily fail.

This is a typical case of the application of the rule *damnum absque injuria.*