RALPH B. HIGGINS and JOHN PAUL TURNER, Appellants, *v.* GENERAL ELECTRIC COMPANY, Respondent.

Second Department, February 5, 1940.

*Joseph F. McCloy* [*Arthur T. O'Leary*, *M. Francis Bravman* and *Esther Glantz* with him on the brief], for the appellants.

*Frederick N. Van Zandt*, for the respondent.

PER CURIAM. Action for an injunction restraining the publication, without their names and addresses annexed thereto, of a house design made by plaintiffs, and for damages suffered as a consequence of the publication thereof by the defendant without having annexed thereto the plaintiffs' names and addresses.

(a) Assuming, without deciding, that defendant breached a subsisting contract with plaintiffs, there was no proof which would furnish a legal basis for a substantial assessment of damages. The expert testimony relied upon was too vague and conjectural, even if it were broken down so as to have it bear some relation to the plaintiffs' interest in the entire publication or the entire cost thereof. (*Stevens* v. *Yale*, 113 Mich. 680; 72 N. W. 5; *Bean* v. *Carleton*, 58 Hun, 611; 36 N. Y. St. Repr. 124; affd., 126 N. Y. 642; *Broadway Photoplay Co.* v. *World Film Corp.*, 225 id. 104, 109; *Cramer* v. *Grand Rapids Show Case Co.*, 223 id. 63, 68; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 id. 205, 217; *Witherbee* v. *Meyer*, 155 id. 446, 449.)

(b) The acts of which plaintiffs make complaint did not constitute a breach of any subsisting contract which they had with the defendant. Their dealings with the defendant were in two groups. The first involved and concerned the architectural competition in which there was an agreement in relation to the conditions under which designs of competitors could be reproduced, and those conditions required the annexing thereto of the names and addresses of the competitors. The plaintiffs were not successful competitors in that competition. After the awards were made on March 23, 1935, the rights of the plaintiffs in the competition were at an end, since the plaintiffs were not successful competitors; likewise, defendant's rights thereunder, so far as plaintiffs' design was concerned, were at an end. At that time the defendant had no right to make any use of plaintiffs' design except in accordance with the agreement contained in the program governing the competition. The defendant did not assume to make any use of the plaintiffs' design subsequent to that date, until it entered upon negotiations which resulted in a new and complete agreement with the plaintiffs, unrelated to the competition agreement. That new agreement was contained in the letter of April 23, 1935, incorporating by reference the " Home Building Program " (a document that had wholly different provisions respecting the use of designs utilized in it from those contained in the architectural competition program) and the letter signed by plaintiff Higgins, accepting the proposal of April 23, 1935, in which he stated that plaintiff Turner was involved in a joint submission and was to have his name appear with that of Higgins. A reading of those letters and that

document discloses no provision requiring the defendant, in the event of a reproduction or use of the design of the plaintiffs, to annex the names and *addresses* of the plaintiffs. The printed program incorporated in the letter had a specific provision that all business was to be cleared through the office of Quinlan, who had been in charge of the prior architectural competition and likewise in charge of the " Home Building Program," and that, of course, included such business as was obtained by the campaign of advertising in national magazines and otherwise. This provision excluded the notion that names and addresses were to be placed on reproduced designs in the advertisement. None of the other house designs in the advertisements carried such names and addresses.

Accordingly, every act of which the plaintiffs make complaint is fairly referable to the new agreement, which came into being at the end of the agreement which related to the concluded competition. The acts, therefore, are not fairly referable to the old agreement, which was at an end. (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380, 387.)

The judgment dismissing the complaint on the merits should be affirmed, with costs.

The appeal from the decision should be dismissed, without costs, as not appealable. (*Simmonds* v. *Sowers*, 253 App. Div. 819.)

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Judgment dismissing the complaint on the merits unanimously affirmed, with costs.

Appeal from decision dismissed, without costs, as not appealable. (*Simmonds* v. *Sowers*, 253 App. Div. 819.)