JUDGE PETERS
delivered the opinion oe the court.
By a deed executed by H. C. Metcalfe and Sarah Frances, Ms wife, to Z. Gibbons, after reciting that the wife has, in her own right and free from the control of her husband, one thousand dollars, which she desires to use in trade or otherwise for her own separate use and benefit, free from the control of her husband, they conveyed to Mm in trust' said sum of money, which after he had. received he covenanted to hand hack to the wife and allow her to invest the same, or any part thereof, in trade or otherwise, as she might choose, free from the control of her husband, etc. ; and the trustee was to he free from any responsibility on account of said trust property. Tbe trustee did band to her the money again.
*354 After tbe execution of said deed, Mrs. Metcalfe purchased a grocery there, and was engaged in that business and traded as a feme sole; that while thus engaged in business and trading, her husband, the said II. C. Metcalfe, acting as her salesman and agent in buying and selling, the appellants sold to her, through her husband, a quantity of whisky to replenish the stock of groceries, and which was put into said grocery, and the proceeds went to the benefit of said Sarah IT. Metcalfe. The whisky was sold on a credit, and the credit given to her for the price thereof; and this action is brought to make her separate property liable for the whisky.
The answer admits that Mrs. Metcalfe had the thousand dollars conveyed to her as her separate property, free from the control of her husband, it being her own, and had it put on record to avoid trouble and annoyance; and she then expected to go into business, as she has done; and claiming the property in the grocery as her separate estate, she and her husband resist the relief sought on the ground that as the property is the wife’s separate estate, and as the indebtedness was not created for necessaries for her family, and the claim is not evidenced by a writing signed by herself and husband, it can not by law be subjected to the satisfaction thereof.
By statute the chancellor has power, on the petition of the husband and wife filed for the purpose, to empower the wife to make contracts, sue and be sued, and trade in her own name as a feme sole. And in such cases the property of the wife is held liable to her debts and contracts. (Myers’s Supplement, 728.)
In this ease the parties have, by a deed properly executed and put on record, done themselves what the chancellor would have been authorized to have done on the facts stated in the deed. Upon its execution she enters *355 into trade, deals with, the property, and created debts on the credit of it as if she had been an unmarried woman. All this she had a right to do by the terms of the deed, and for which it was executed; and a court of equity will enforce the charge by subjecting the estate to the payment of her debts.
A separate estate thus created confers on a married woman the power to deal with it as a feme sole. The right she acquires to property under the operation of the statute to protect the rights of married women confers on her no such power. (Johnson and wife v. Jones, 12 B. Mon. 329.) The two estates are essentially different. One of them can be rendered liable for the payment of debts by the separate act of the wife; the other only in the mode pointed out by the statute. (Lillard v. Turner, &c., 16 B. Mon. 874.)
Wherefore the judgment is reversed, and the cause remanded, with directions to subject the separate estate of Mrs. Sarah B. Metcalfe to the payment of appellant’s debt, and for further proceedings consistent with this opinion.