CASE 22—PETITION EQUITY—JANUARY 17.

# Haney v. McClure, &c.

### APPEAL FROM ROWAN CIRCUIT COURT.

1. SUPPLYING LOST RECORDS.—When a commissioner has been appointed to take proof as to the contents of lost records as provided by section 4, of chapter 72, of the General Statutes, and has made a report, the court has no authority to substitute the papers accompanying his report for the originals unless the affidavit required by section 5, of chapter 72, was filed, and the testimony upon which his report is based was taken in writing.

2. SAME.—In addition to the inherent power which every circuit court has to supply its lost or defaced records, the court is authorized by section 1, of chapter 72, General Statutes, to re-enter a judgment, the record of which has been lost or destroyed, without the previous appointment of a commissioner to take testimony; and, while it does not appear in this case that the notice required by that section was formally given, yet, as defendant did have notice that the records and papers of the action had been destroyed by fire, and that the plaintiff had moved to supply the lost papers and re-enter of record the judgment, and was present in court when the order was made, the court had the power, upon satisfactory proof, which it is to be presumed was made, to re-enter the judgment.

3. SAME.—While a state of case might exist where it would be erroneous and prejudicial to give full effect to and execute such judgment in the absence of properly authenticated pleadings and papers belonging to the case, yet, as the judgment in this case was rendered by default, and the time for an appeal had elapsed, and the debts for which the judgment was rendered are set out and the land directed to be sold fully described, there is no reason why the re-entered judgment should not be executed as if the record of the original had not been destroyed.

4. JUDICIAL SALES.—As the commissioner's report of sale does not show for what price the land sold, nor that he offered to sell less than the whole tract to pay the two debts, the court erred in overruling the exceptions to the report.

V. B. YOUNG, Z. T. YOUNG AND H. L. STONE FOR APPELLANT.

The only authority for supplying lost records is in chapter 72, General Statutes. The party seeking to supply such record must make affidavit that there is no authenticated copy of the record in existence known to him.

Haney v. McClure, &c.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The papers and records of this case having, in November, 1880, been destroyed by fire, the commissioner appointed to take evidence relative thereto, at the April term, 1881, of the court where the action was pending, filed a report in which it was stated the attorney for the plaintiff presented substitutes for the petition and answer filed in 1868, and the judgment rendered in 1869, and testified they were correct copies of the originals which had been burned. The deposition of the clerk of the court was taken, wherein he testified the petition and judgment were correctly copied. The papers accompanying the report show the action was instituted by appellee, McClure, to enforce the satisfaction of a personal judgment recovered by him against appellant for one hundred and forty-eight dollars and sixty cents, upon which an execution had been issued and returned "no property found." That it was stated in the petition the tract of land sought to be subjected was purchased by appellant from one Evans, who had assigned the note for the balance of purchase money unpaid, amounting to two hundred dollars, to appellee, Moody; and that the latter filed answer setting up the note and claiming he had a superior lien on the land for the payment of it.

In the judgment purporting to have been rendered, the land, or so much as necessary, was directed sold to pay the two debts, it being stated therein that appellee, McClure, had become owner of both. At the May term, 1881, appellant filed exceptions to the report of the commissioner appointed to take evidence

in relation to the destroyed papers and records, and also to the report of sale which it appears was filed at the November term, 1880.   But each of the exceptions was overruled, the sale was confirmed, a deed directed made to the plaintiff, who was the purchaser, and a writ of possession to issue in his favor.

Section 4, chapter 72, General Statutes, provides that in case the records and papers of any court shall be lost, destroyed, defaced or obliterated, such court shall appoint a commissioner, who shall have power and authority to fix on a convenient place to meet and sit from time to time, giving reasonable public notice thereof.   Section 5 is as follows: "The commissioner may, at the instance of any person, issue a summons and cause the attendance of witnesses and take evidence, in writing, of such witnesses relative to any record or paper so destroyed, defaced or obliterated; which deposition shall be legal evidence, and shall be returned to the clerk of the court and safely kept by such clerk.   Before any such proof is taken, the party offering it must make and file with the commissioner an affidavit that there is no attested copy of such record or papers in existence known to him. If such affidavit is not made, no testimony taken shall be received.   The commissioner shall not remain in office longer than one year."

It does not appear the affidavit mentioned was made and filed by the plaintiff or any one for him, nor that the testimony of the attorney for the plaintiff in regard to the substitutes produced by him was taken in writing; and as the clerk of the court, in his deposition, states merely his opinion of the correctness of the

copies of the petition and judgment, making no reference to the answer of appellee, Moody, it is clear there was not such compliance with the provisions of section 5, as gave authority to the lower court to substitute the papers accompanying the report of the commissioner for the originals.

But, we think that in addition to the inherent power which, as said in Deshong v. Cain, 1 Duvall, 309, every circuit court has to supply its lost or defaced records, the lower court was authorized by section 1 to re-enter the judgment in this case without the previous appointment of a commissioner to take testimony. That section is as follows: "When any judgment or final order of any court of record of this State remains unexecuted, and the record thereof has been lost, mutilated, defaced or destroyed, it shall be lawful for any person interested therein, upon ten days' notice in writing to the adverse party, to move the court in which such judgment was rendered or final order was made to re-enter the same of record; and upon satisfactory proof that such judgment or final order had been theretofore entered of record, that the same had been mutilated, defaced or destroyed, and the purport thereof, it shall be the duty of the court to re-enter the same of record, etc."

It does not appear the notice required by that section was formally given, but the defendant did have notice the records and papers of the action had been destroyed by fire, and that the plaintiff had moved to supply the lost papers and re-enter of record the judgment, and was present in court when the order was made.

Whether the court acted upon the report of the commissioner alone, or heard other evidence, does not appear, nor is it material; for it had, under the special provisions of section 1, the power, upon satisfactory proof, which it is to be presumed was made, to re-enter the judgment. It is true, that by reason of a non-compliance with the provisions of section 5, that seems to apply to the pleadings and other papers of an action, the court had no authority upon the report of the commissioner, as it stood, to substitute the copies produced for the original petition and answer of Moody; and a state of case might exist where it would be erroneous and prejudicial to the defendant to give full effect to and execute such a judgment in the absence of properly authenticated pleadings and papers belonging to the case. But no defense was made to the action by appellant, and the judgment from which, by reason of the length of time, there could be no appeal, was rendered by his default, and the debts for which it was rendered are set out, and the land directed to be sold is fully described. We think, therefore, as the court had the power to re-enter the judgment, and properly did so, there is no reason why it should not have the same effect and be executed as if the record of the original had not been destroyed by fire.

But the court erred in overruling exceptions to the report of sale, for the commissioner does not show for what price the land sold, nor that he offered to sell less than the whole tract to pay the two debts, and, as a consequence, the purchaser gets the entire tract with-

out there being any evidence of record showing for what amount appellant is entitled to credit.

The judgment confirming the report of sale for a deed and writ of possession is reversed, with directions to set aside sale, and further proceedings consistent with this opinion.