CASE 88—FORFEITED BAIL-BOND—FEBRUARY 5.

## Bullock v. Commonwealth.

APPEAL FROM HICKMAN CIRCUIT COURT.

| 96 | 537 |
| 129 | 28 |

| 96 | 537 |
| f130 | 145 |

1. BAIL—LOST RECORD SUPPLIED.—In a proceeding in the circuit court for forfeiture of money deposited in lieu of bail, the accused having been admitted to bail by the county judge as an examining court, and the record of the examining court lost after it was filed with the clerk of the circuit court, parol testimony showing the steps taken in the examining court, and that the county judge signed a judgment showing these steps, which judgment was filed with the circuit clerk, was sufficient to supply the lost record and to sustain a judgment of forfeiture. Such a proceeding is not in violation of the Bill of Rights made a part of our Constitution.

2. WHERE A MARRIED WOMAN HAS DEPOSITED MONEY IN LIEU OF BAIL, and thus secured the release of one held under a criminal charge, she can not resist a judgment of forfeiture upon the ground of her coverture if the money deposited was her separate estate. Nor will such a defense avail, even though the money was her general estate, provided it was deposited with the knowledge and consent of her husband.

3. SEPARATE ESTATE.—The statute of 1873, which declared that the earnings of a married woman should be free from the debts or control of her husband, and authorized her to collect and receipt for same, made such earnings her separate estate, and, being such separate personal estate, she could, with reference thereto, contract, trade, sue and be sued as an unmarried woman, and dispose of same in any way that she saw proper.

J. D. WHITE & SON FOR APPELLANT.

1. Appellant being a married woman could not bind herself by the mere deposit of the money in controversy without the execution of any writing, it being admitted upon demurrer that the money was her separate estate. (Bidwell v. Robinson, 79 Ky., 29; 22 Am. & Eng. Enc. of Law, p. 16; Harris v. Dale, 5 Bush, 61.)

2. The court erred in admitting oral testimony as to the contents of the lost record.

Bullock v. Commonwealth.

W. G. BULLITT on same side.

1. No citizen can be deprived of his liberty by an oral judgment. (Const. of Ky., sec. 11.)

2. To lawfully hold a defendant to bail upon the action of an examining magistrate, there must be a decision in writing to the effect that a public offense was committed, that it was a bailable case, and a statement of the sum in which bail is required, this decision to be filed in the circuit clerk's office, together with an order committing the defendant to jail. And these necessary parts of the record can not be proved by oral evidence on the trial of a collateral proceeding to forfeit the bail-bond or a sum deposited in lieu of bail. (Criminal Code, secs. 66, 67, 70.)

3. The statutes provide for supplying lost records by direct proceeding, but none of these provisions apply to collateral proceedings. (Ky. Statutes., secs. 3991, 3992, 3993, 3994, 3997, 4000; Civil Code, secs. 7, 719.)

   And while there is an inherent authority in courts to supply their own lost or mutilated records, I am not aware of any court having gone so far in the exercise of that authority as to allow a record to be changed on the trial of an action.

4. Even if it be admissible to prove a lost record by oral evidence in collateral proceedings, still, in this case, the existence of the record and its loss were not sufficiently shown to authorize proof of its contents.

WM. J. HENDRICK, Attorney-General, for appellee.

The plea of coverture is not good. If Mrs. Bullock had offered herself on the bond she would have been refused, or, if accepted, her plea of coverture would have been good, but she did not do this, but deposited the five hundred dollars, "*and money answereth all things.*" (Ecclesiastes x: 19.)

JUDGE GRACE delivered the opinion of the court.

This is an appeal by Mrs. Della Bullock from a judgment of the Hickman Circuit Court, forfeiting to the Commonwealth of Kentucky the sum of five hundred dollars, deposited by her in lieu of bail for the appearance of one Thos. Bullock in said court, to answer any indictment that the grand jury might find against him for malicious striking and wounding with a deadly weapon and with intent to kill.

It appears that said Tom Bullock, being in cus-

tody under said charge, was brought before the county judge of said county as an examining officer, and that said defendant, waiving an examination, was admitted to bail by said county judge in the sum of five hundred dollars, and that being thus in custody and unable to give the bail, the appellant, a married woman, came and in the presence and with the knowledge and implied consent of her husband, Thos. Bullock, Sr., the father of the accused, deposited with said county judge in lieu of bail the said sum of five hundred dollars, and thereupon said Bullock, Jr., was released from custody, and this fund deposited with the trustee of the jury fund in and for said county, taking his receipt for same.

Afterwards, said defendant, being indicted for said offense by the grand jury of said county, failed to appear, and, thereupon, on and pending the motion of the Commonwealth's attorney to forfeit said bond, came the appellant and filed her answer, objecting and making defense to said motion, setting up that the money so deposited by her was her individual estate or property; that her husband had no interest or control over same; that same was the proceeds of her personal labor, and denying the right of said court to so forfeit said money, because that it belonged to her, and that, being a married woman, she was not bound by said deposit.

The first question presented is, whether on this proceeding the action of the county judge in the premises, and his record and entry of said proceedings in holding said Thos. Bullock over to the circuit court, can be supplied by parol testimony, the papers in said cause being lost.

It appears clearly in evidence by the county judge, county attorney and others that the said county judge, holding an examining court, with said Bullock actually in custody and before him on said charge, and waiving an examination of same, he, the said county judge, did make an order admitting said Bullock to bail in the sum of five hundred dollars, and the said Bullock being still in custody, unable to give said bail, thereupon came appellant, Mrs. Della Bullock, the wife of Thos. Bullock, Sr., and deposited with the said county judge the said sum of five hundred dollars, in lieu of bail for said prisoner, and that, thereupon, said Thos. Bullock, Jr., was released; and it is further in evidence that the county judge then made out in writing, duly signed by him as such officer, a record of all said proceedings, as hereinbefore recited, and signed same, and took said papers over and deposited same with the circuit court clerk, and paid the funds so deposited with him to the trustee of the jury fund in and for said county.

The clerk of the court testifies that he handed the same papers delivered him by the county judge (without special examination) to the foreman of the next grand jury, to whom said cause was submitted, and who found the bill in this case, and that he had never seen them since; and upon this state of case the court permitted parol testimony to be introduced showing all the facts as hereinbefore recited. To this, objection was made, but overruled by the court. We are cited to provisions of the General Statutes, under which these proceedings took place, pages 390, 909 to 912, for provisions setting out how lost records may

be supplied. After having examined same carefully, and noting the various states of case, and power and authority conferred on various courts of record to supply, on notice or by suit, or by its commissioners, certain lost papers, judgments or records, we find none of said provisions prohibitory or inconsistent with the right of the court, on a state of fact as presented by the evidence in this cause, to hear oral testimony of the record made out by the county judge in this case and delivered to the circuit court clerk. We think the ruling of the lower court on said question was correct, and in accordance with the right and practice and well recognized rules of evidence in such cases. The oral evidence, when heard, establishes the fact of the making and signing of such a record by said county judge clearly, and brings the case up to the requirements of the Criminal Code, and of any previous decision of this court requiring such a record to be made and signed by the committing officer.

Second. As to the defense that this money belonged to, and was deposited by, a married woman, and that she can not bind herself, nor be deprived of her property in that way, it may be noticed that she says in her defense "that this money was her individual money, or property, the result of her own labor, her own earnings, that her husband had no right to or interest in or claim over it." This statement her husband verifies by his testimony and disclaims any interest in said fund. Counsel for appellant call it her separate estate, and in this we apprehend they are quite right. The statute of 1873 makes the earnings of a married woman (her own labor) free from the debts

or control of her husband, and authorizes her to collect and receipt for same. This declaration of the statute contains all the essential requsites of separate estate, and impresses same on the property so acquired by the wife.

And being such separate personal estate, this court has often held that the wife might, with such estate, contract, trade, sue and be sued, and dispose of same in any way and manner that she saw proper, and as an unmarried woman. See Johnston and wife v. Jones, 12 B. M., 330, and Lillard v. Turner, &c., 16 B. M., 375; also Hackett & Callaghan v. Metcalfe, &c., 6 Bush, 354.

So that under the authority of these cases, the power of the wife over her personal separate estate seems full and clear, and that she may dispose of same as she sees proper. The court taking in these cases a distinction between separate estate of this kind and the general estate of the wife, and saying that as to her general estate she can only be bound in the manner and form as prescribed by the statute.

We may add, however, that were this only the general estate of the wife, and so deposited by her as in this case, with the knowledge and consent of her husband, and thus securing the release of one held under a criminal charge, we should be very much disinclined to say that the deposit was not well made. It seems to us that the statutes undertaking for the protection of a married woman in her marital rights to secure her from liability on divers and sundry contracts, did not undertake to confer on her this extraordinary power and exemption, whereby she might by such an inter-

ference, release one under a criminal charge from custody and then plead her coverture, and thus recover back the money so deposited by her. We have been cited by counsel to no case in Kentucky, or in any sister State, carrying this doctrine of exemption by reason of coverture to such an extraordinary extent.

One other objection made by counsel for appellant is, that all this proceeding whereby this fund has been declared as forfeited to the Commonwealth of Kentucky by reason of the non-appearance of the accused for trial in said court, is in violation of the Bill of Rights adopted as a part and parcel of our Constitution. We do not so understand the merits of this case. The present Bill of Rights, in so far as it could possibly affect any question arising upon this record, is substantially the same as that under our former Constitution. And proceedings similar to this have often been made under the former without giving rise to any apprehension of a violation of same.

Judgment affirmed.