CASE 90—PETITION ORDINARY—MAY 19.

## Mayo v. Emery, Etc.

103    637
f130   144

APPEAL FROM ROWAN CIRCUIT COURT.

1. LOST RECORDS—HOW TO SUBSTITUTE.—The court has the power to make an order appointing a commissioner to take testimony looking to the substitution of lost papers in a case that is off the docket, as well as in one that is still on it; but the testimony taken by such commissioner, and which is required to be returned to the clerk of the court, does not of itself constitute a substitution of the lost record without an order of court to that effect.

2. PRACTICE IN COURT OF APPEALS.—The lower court having made no order substituting the lost record, a transcript filed in this court which does not contain copies of the parts of the record lost, but only evidence taken before the commissioner appointed to sub-

stitute them, this court can not adjudge that there was any error in the judgment of the lower court.

R. GUDGELL & SON FOR APPELLANT.

1. In an action of ejectment in equity, the legal title must prevail; a mere equity can neither maintain nor bar an ejectment. Gilpin v. Davis, 2 Bibb, 416; Stineburgh v. Wisdom, 13 B. M., 468.

2. Appellees did not sufficiently plead the facts constituting an estoppel, which must always be pleaded. Kennemouth v. Kinnel, 15 Ky. Law Rep., 125; Stacy v. Holliday, 9 Ky. Law Rep., 517; Ray v. Longshaw, 4 Ky. Law Rep., 905.

3. The commissioner appointed by the court took the evidence in writing as required by the statute, and fully discharged all his duties, and it is expressly provided by the statute that such depositions shall be legal evidence and shall be returned by him to the clerk of the court; and they do not require the approval, or confirmation of the court, but are, when filed in the clerk's office, a substitute of the record; therefore the judge of the lower court had no authority or power to enter the order, saying the papers were not properly substituted without any motion or evidence, and again refer the matter to the commissioner.

Z. T. YOUNG AND B. F. DAY FOR APPELLEES.

1. The record title of appellee is perfect within itself back to P. T. Hedger, under whom appellant claims.

2. Appellant never having been in possession of the lot and having permitted Knowles to ocupy, use, claim, and sell and convey the same without objection, and having failed for four years to have on record any evidence of his title, is estopped to claim the lands of appellee who purchased the same during that period.

3. The transcript filed in this court shows that it is only a small part of the original record, and the presumption is under such circumstances that the judgment of the lower court is proper.

4. No part of the transcript filed in this court is a part of, or a copy of, the record used in the lower court, except the orders entered in court.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, Mayo, was plaintiff in the court below, and upon the trial of the case upon its merits, his petition

was dismissed.   After the judgment was rendered and be-
fore this appeal was prosecuted, and the transcript of the
record made, the pleadings and all the depositions taken
by the appellees were lost or stolen, at any rate they could
not be found.   The case was not pending in the court below
as the final judgment had been rendered, but on motion of
the appellant a commissioner was appointed under section
4, chapter 72, General Statutes.   The commissioner fixed
a time and place for taking the evidence of such witnesses
as might be introduced as required under section 5, chapter
72, General Statutes.   Before taking the evidence the affi-
davit which the law required was filed, in which it was
stated that there was no  attested copy of the parts of
the record which were lost.   The commissioner took one
deposition and filed it with the clerk of the court.   The
court entered an order reciting that it was shown to the
satisfaction of the court that the papers were not properly
substituted; that the plaintiff's attorney had the proof and
exhibits taken; that the defendant and his attorney did not
have an opportunity to examine the evidence, therefore it
was ordered that the plaintiff's attorney return the papers
to the commissioner on or before a date named.   The court
further ordered that the commissioner proceed to take ad-
ditional testimony on the question of the substitution of
other papers for those which were lost.   So far as this
record shows the commissioner failed to take any addi-
tional testimony under the order of the court, and the court
has never made any order substituting another record in
lieu of the parts of the record which were lost.   This rec-
ord does not contain a transcript of the parts of the record

which were lost.  It appears to be simply a transcript of the deposition which the commissioner took under the order of the court, together with certain parts of the record which were not lost.

The statute provides that the evidence which the commissioner takes shall be in writing, and shall be legal evidence, and shall be returned to the clerk of the court and safely kept by him.  The statute does not provide that the evidence which the commissioner is required to take, shall be used in place of the parts of the record which are lost.  The testimony which he takes is simply the evidence upon which the court must act in making a substitution for the lost record.  To supply the lost record it is essential that the court should make an order to that effect, and he sends his commissioner out to get the evidence upon which to act.  Instead of the court making an order of substitution, it adjudged in effect that the evidence taken by the commissioner was insufficient to enable him to make such order.  The fact that the case is off the docket did not prevent the court from making an order appointing a special commissioner to take testimony.  The same duty is imposed upon the court to pass upon the question of supplying the lost parts of the record in a case that is off the docket as it is where a commissioner has been appointed in a case that is on the docket and undisposed of.

It is urged by counsel for appellant that the court had no authority to make the order which it made with reference to the report of the commissioner.  If the court had the power when the case was no longer pending in court,

to appoint a commissioner, it certainly had the power and it was its duty to make proper orders with reference to supplying the lost record.

In Haney v. McClure, 88 Ky., 146, the court recognized that it was the duty of the lower court to make orders in relation to the matter of the substituting of papers for those which were lost.

The case of Commonwealth v. Keger, 1 Duvall, 240, is to the same effect.

It results from this conclusion that the plaintiff has failed to bring to this court a transcript of the parts of the record which were lost.   This included the pleadings in the case and all depositions taken by the defendant.   In the absence of such transcript this court can not adjudge that the court below erred in dismissing the plaintiff's petition.

The judgment is affirmed.