CASE 18.—ACTION BY MRS. JOYCE MORRISON AGAINST HENRY PRICE AND OLIVER BLAIR FOR FORCI- BLY EJECTING HER FROM HER PREMISES.— October 29.

## Morrison v. Price, &c.

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for defendants, plaintiff appeals—Re- versed.

1. Judgment—Persons Concluded—Husband and Wife—Wife's Separate Contracts—Statutes.—Under Ky. St. 1903, section 2128, authorizing a married woman to make contracts and to sue and be sued as a single woman, a married woman may rent property; and when she does so she stands as any other tenant, and to dispossess her she must be a defendant to the

proceedings, and she is not bound by a judgment in proceedings against her husband to which she is not a party.

2. Judgment — Husband and Wife — Contracts — Effect.—In an action by a married woman for being forcibly put out of a house occupied by her, she testified that she had rented the house from defendant, that he had sued out a warrant against her for forcible detainer on which the verdict was in her favor, that subsequently he sued out a warrant of forcible detainer against her husband and obtained judgment against him, that a writ of possession was issued thereon, and that an officer by direction of defendant dispossessed her. Held, to establish a prima facie case, since a judgment against her husband was no authority for dispossessing her.

3. Landlord and Tenant — Wrongful Dispossession of Tenant.— Action for Damages—Pleading.—Under the rule that, where an entry is justified under a writ, the writ must be pleaded, one justifying under a writ of possession issued on a judgment in his favor as landlord in forcible detainer proceedings must plead the writ.

4. Records—Supplying Lost Judicial Records—Effect—Proof.— Where the papers of a case are lost, and a proceeding is instituted to supply the lost record, the proof taken by the commissioner may not be read as substituted record.

5. Records—Supplying Lost Judicial Records—Effect—Judgment. —Where a lost record has been supplied in a proceeding therefor, the judgment of the court is conclusive, that all preliminary steps were properly taken.

6. Evidence—Best and Secondary—Lost Judicial Records—Parol Evidence.—Where the record of a case is lost, and has not been supplied, the contents thereof may be shown by parol.

7. Landlord and Tenant—Unlawful Detainer—Wrongful Dispossession.—Where, after judgment in forcible detainer in favor of a landlord, he was present when, by direction of his attorney, a writ of possession was issued and the officer was directed to obey the order of the court, he in legal contemplation procured the issuance of the writ and the acts necessarily done by the officer in executing it.

8. Judgment—Pleading as Estoppel.—The estoppel by a judgment of a person who defended the action in the name of the defendant must be pleaded.

EDWIN P. MORROW and BOYD MORROW for appellee.

### CONCLUSION.

Before the appellant was entitled to recover in this action it was necessary for her to prove, at east by some evidence, that Henry Price procured, advised or aided and abetted Owen Blair in the commission of an unlawful act. If Owen Blair under an order of the Furgeson Police Court in favor of Henry Price against N. P. Lawhorn and Otha Morrison directing him to place Henry Price in the possession of certain property, ejected Mrs. Morrison from the property and if this was illegal the said Blair alone is responsible in damages.

CAMPBELL & WILLIAMS for appellant.

Under the well settled rules of law that a peremptory instruction to the jury to find for the defendant is equivalent to a judgment for him—in effect a demurrer to the evidence—and is an admission of every material fact stated, as well as all reasonable inferences that can be drawn therefrom, that the plaintiff has failed to establish his case; and to sustain our position we refer the court to the following cases: Collins v. Potts, 9 Ky. Law Rep., 536; Loving v. Warren County, 14 Bush. 316; Fugate v. City of Somerset, 16 Ky. Law Rep. 807 and we deem it superfluous to add any more authorities on the case.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Mrs. Joyce Morrison brought this suit against Henry Price and Oliver Blair to recover damages for their forcibly seizing her and putting her and her property out of a house which she occupied as the tenant of Price. The defendants filed answer, in which they traversed the allegations of the petition. It was alleged in the petition that Blair did the acts complained of, but was procured and induced to do them by Price. On the trial of the case before a jury, the plaintiff testified that she had rented the house from Price for a year from August 1, 1906, and paid him the rent until November, 1906, regularly; that in

that month he sued out a warrant against her for forcible detainer before the police judge of Ferguson; that the case came on for trial before the police court, and the jury found a verdict in her favor, and Price did not appeal; that after this he sued out a warrant of forcible detainer against her husband, Otho Morrison, who had nothing to do with renting the house, and having obtained a judgment against him of forcible detainer, had a writ of possession issued on the judgment, which was delivered to the town marshal, Blair, who was directed in the presence of Price, either by Price, or his attorney, or the police judge, to obey the order of the court. The marshal took the writ, and went to the house, and dispossessed Mrs. Morrison. The police judge, who was introduced as a witness for her, testified in substance to the same facts. The court at the conclusion of the evidence instructed the jury peremptorily to find for the defendants, which was done; and, the plaintiff's petition having been dismissed, she appeals.

The ruling of the circuit court seems to have been based upon the idea that there was no competent evidence introduced as to the proceedings had in the first case, in which the decision was in favor of Mrs. Morrison; but, if we leave out of view entirely the proceedings in that case, the plaintiff showed a right of action. By section 2128, Ky. St. 1903, a married woman may make contracts and sue and be sued as a single woman. She may therefore rent property, and, when she so rents it, she stands just as any other tenant. In order to dispossess her, she must be a defendant to the proceedings. She is not bound by a judgment rendered in an action against her husband to which she is not a party, and a judgment

against her husband would be no authority for seizing her property and dispossessing her from a house which she had rented, under a writ against her husband. Prima facie the plaintiff made out her case, and it should have been submitted to the jury. Black v. Black, 51 S. W. 456, 21 Ky. Law Rep. 403.

There is another reason why the judgment is improper. The defendants simply traversed the petition. There was no plea of authority. The rule is that, where an entry is justified under a writ, the writ must be pleaded. It is thus stated in Stephen on Pleading (Tyler's Ed.) pp. 302, 303: "In general, when a party has occasion to justify under a writ, warrant, or precept, or any other authority whatever, he must set it forth particularly in his pleading. And he ought also to show that he has substantially pursued such authority. * * * So, in all cases where the defendant justifies under judicial process, he must set it forth particularly in his plea; and it is not sufficient to allege generally that he committed the act in question by virtue of a certain writ or warrant directed to him. But on this subject there are some important distinctions as to the degree of particularity which the rules of pleading in different cases require: (1) It is not necessary that any person justifying under judicial process should set forth the cause of action in the original suit in which that process issued. (2) If the justification be by the officer executing the writ, he is required to plead such writ only, and not the judgment on which it was founded; for his duty obliged him to execute the former, without inquiring about the validity or existence of the latter. But if the justification be by a party to the suit, or by a stranger, except an officer, the judgment, as well as the writ, must be set forth.

(3) Where it is an officer who justifies, he must show
that the writ was returned, if it was such as it was
his duty to return." In Newman on Pleadings, sec-
tion 426f, the rule is thus stated: "Another requisite
of a plea in bar, that it be certain, is of more im-
portance, and the ancient rule on this subject must
still be observed. The former adjudications are
therefore authoritative as to this requisite of a plea
or answer. Thus, in an action of trespass, where the
defendant justifies under the process of a court, he
must set it forth particularly; and it will not be
sufficient to allege generally that he did the acts
complained of by the virtue of certain process to him
directed. He must set the process forth specially."
On the return of the case, the defendants may have
leave to amend their answer.

The plaintiff offered in evidence a deposition taken
by a commissioner in a proceeding to supply the lost
record; the papers of the proceeding in which judg-
ment was rendered in her favor being lost. The court
properly sustained exceptions to this deposition.
When the papers of a case are lost, and a proceeding
is instituted to supply the lost record, the proof taken
by the commissioner may not be read as a substi-
tuted record. In Mayo v. Emery, 103 Ky. 640, 45 S.
W. 1048, 20 Ky. Law Rep. 638, the court said: "The
statute provides that the evidence which the commis-
sioner takes shall be in writing, and shall be legal
evidence, and shall be returned to the clerk of the
court and safely kept by him. The statute does not
provide that the evidence which the commissioner is
required to take shall be used in place of the parts
of the record which are lost. The testimony which he
takes is simply the evidence upon which the court
must act in making a substitution for the lost record.

To supply the lost record, it is essential that the court should make an order to that effect, and he sends his commissioner out to get the evidence upon which to act." When the record has been thus supplied by an order of court, the judgment of the court is con clusive that all preliminary steps were properly taken; but, until it is thus supplied, the substituted record cannot be read.

Where the record is lost, and has not been supplied, the contents of the lost record may be shown by parol evidence, just as the contents of any other lost paper may be shown: Bullock v. Commonwealth, 96 Ky. 537, 29 S. W. 341, 16 Ky. Law Rep. 621. It is common practice to prove by parol evidence the contents of a lost deed, where the record has been destroyed; and there is no reason why the contents of a judicial record may not be proved in the same way until it is supplied. The court, therefore, improperly excluded the testimony of Mrs. Morrison and the police judge as to the record being lost and as to its contents.

If the defendant Price was present when the writ was issued and given to the officer, and the officer was directed to obey the order of the court, the writ being issued by the direction of his attorney in his presence, he in legal contemplation procured the issuance of the writ, and the acts necessarily done by the officer in executing it.

Where the defense to an action is made by another in the name of the defendant, the person so defending has been held bound by the judgment by estoppel; but an estoppel, if relied on by the defendants, must be pleaded. Schmidt v. L. C. & L. R. R. Co., 99 Ky. 143, 35 S. W. 135, 36 S. W. 168, 18 Ky. Law Rep. 65.

Judgment reversed and cause remanded for a **new** trial.