CASE 25.—FORCIBLE DETAINER PROCEEDINGS BY HENRY ROETTGER AND WIFE AGAINST M. RIEFKIN AND WIFE.—November 4.

# Roettger, &c., v. Riefkin, &c.

Appeal from Campbell Circuit Court.

A. S. BERRY AND C. W. YUNGBLUT, Judges.

Judgment for defendants. Plaintiffs appeal.—Reversed.

1. Time—Landlord and Tenant—Recovery of Possession—Execution—Sundays.—Under Civ. Code Prac. section 461, providing that, if the party against whom the inquisition is found in a case of forcible detainer fails to file a traverse on or before the third day after the finding of the inquest, the judge or justice shall on request issue execution, Sunday must be excluded in computing the three days.

2. Landlord and Tenant—Recovery of Possession—Writ of Restitution—Wrongful Issue—Liability.—One who wrongfully procures a warrant of restitution to issue, and has a constable execute the writ, is responsible to the person injured for the damages sustained thereby.

3. Landlord and Tenant—Recovery. of Possession—Wrongful Dispossession — Actions — Submission to Jury.—Where, in an action by tenants against two lessors for damages from wrongful execution of a writ of possession, the agreed facts recited that defendants requested the magistrate to issue the writ, there was sufficient evidence to go to the jury as to both of defendants.

4. Sheriffs and Constables—Protection by Process—Premature Execution.—An execution prematurely issued is voidable, and not void, and, unless quashed, it protects the officer or the purchaser at the sale.

5. Landlord and Tenant — Recovery of Possession — Wrongful Dispossession—Actions—Evidence.—In an action by tenants for wrongful dispossession under forcible entry proceedings, evidence as to plaintiffs having been theretofore evicted by other landlords from rented premises was incompetent.

6. On Petition for Rehearing—Landlord and Tenant—Recovery of Possession—Writ of Restitution—Wrongful Issue—Measure of Damages.—Where defendant landlord wrongfully procured a warrant of restitution to issue, and had a constable execute the writ, only compensatory damages could be recovered and the measure of recovery was the damage to plaintiff's property by reason of the acts complained of.

RAMSEY WASHINGTON and HOWARD M. BENTON for appellants.

PROPOSITIONS AND CITATIONS.

1. Three days given to traverse finding on inquest in forcible detainer case, means three juridical days, which excludes intervening Sunday. (Long v. Hughes, 1 Duv., 381; White v. Crutcher, 1 Bush, 472; Frazier v. Clark, 88 Ky., 260; Reiley v. Grace, 17 Ky. Law Rep., 1007; Section 461, Civil Code.)

2. Judgment rendered Friday, writ of restitution issuing following Monday was premature. (Same authorities.)

3. Writ could issue only at landlord's request, and after third juridical day (Monday). (Section 461, Civil Code.)

4. Landlord liable for damages where he requested and obtained and directed constable to dispossess tenant, in the latter's absence, on third juridical day (Monday). (No case cited.)

THOS. P. CARITHERS, WM. A. BURKAMP and OTTO WOLFE for appellees.

POINTS AND AUTHORITIES.

1. The action of trespass on the case is the proper remedy for acts done by officers, in suing parties to the process. (Owens v. Starr, 2 Litt., 230; Lovier v. Gilpen, 6 Dana, 321.)

2. The officer is not the agent of the ·plaintiff in an execution.

3. No case was made out against the appellee and the appellee Yento Riefkin was not connected with the case at all.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing

Henry Roettger and wife rented rooms of M. Reifkin and wife to live in. By the lease they were to vacate within three days upon failure to pay rent. They failed to pay the rent, and a warrant of forcible detainer was taken out by the landlords. The case was tried on Friday, January 4th, and a judgment was entered in favor of the plaintiffs. About 4 p. m. on Monday, January 7th, the Reifkins went to a magistrate, and had him to issue a writ of possession, which was then placed in the hands of the constable, who proceeded with Reifkin to the premises. Reifkin secured a key, and opened up the rooms for the constable to enter. He and the constable then entered, and the constable then and there removed the tenants' goods from the premises, and placed them on the sidewalk, where rain fell upon them the following night. All this occurred about 4:30 p. m. Monday, the tenants not being present, and not knowing that the goods were to be removed. Thereupon the tenants brought this suit to recover damages for the injury to their property, which they charged had been ruined. At the conclusion of the evidence for the plaintiffs the court peremptorily instructed the jury to find for the defendants, and this being done, and the plaintiffs' petition being dismissed, the plaintiffs appeal.

By section 461 of the Civil Code of Practice, if the party against whom the inquisition is found, in a case of forcible detainer, fail to file a traverse on or before the third day after the finding of the inquest, the judge or justice shall on request issue execution. The inquest was returned on Friday; and, as the defendants in that case had three days to file a traverse, no execution could properly issue until the expiration of three days. As the day of the judgment must be counted, the three days would expire on Sunday, if Sunday is to be counted; and, if Sunday is not to be counted, the three days would expire on Monday, but the defendants would have the whole of Monday to file the traverse, and no execution could lawfully be issued on that day. The Code provides that a motion for a new trial must be made within three days after the verdict or decision is rendered. Under this provision it has been held that Sunday is not counted, and that the statute means three juridical days. Long v. Hughes, 1 Duv. 387; Frazier v. Clark, 88 Ky. 260, 10 Ky. Law Rep. 786, 10 S. W. 806, 11 S. W. 83. The Code also provides that, in cases of felony, the court shall not pronounce judgment until two days after the verdict is rendered. This has also been held to mean two juridical days. O'Brien v. Commonwealth, 89 Ky. 354, 11 Ky. Law Rep. 534, 12 S. W. 471. In the recent case of Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. 279, 30 Ky. Law Rep. 272, the court, upon a consideration of the authorities, laid down the rule that where the statute does not in terms exclude Sunday, yet if the time fixed is less than a week, Sunday will be excluded in computing the time. Sunday must therefore be excluded in computing the three days allowed by the statute for filing a traverse in cases of forcible entry or detainer. It follows that the

execution was issued prematurely; and, while it, being fair on its face, protected the officer, it did not protect the persons who procured it to be issued before it was authorized. A person who wrongfully procures a warrant of restitution to issue, and has the constable to execute the writ, is responsible to the person injured for the damages which he thereby sustains. It is not necessary for us to consider whether the plaintiff's petition set out a cause of action in trespass or case. It states the facts, and, the facts stated being sufficient to warrant a recovery, the petition is sufficient under the Code. It is recited in the agreed facts that the defendants went to the magistrate and requested him to issue the writ. There is therefore sufficient evidence to go to the jury as to both of the defendants. Morrison v. Price, 112 S. W. 1090, 130 Ky. 139.

It is true an execution prematurely issued is voidable, and not void. Freeman on Executions, section 25; Galot v. Pierce, 38 S. W. 892, 18 Ky. Law Rep. 1004. It may be quashed, but unless quashed it protects the officer or the purchaser at the sale; but this case does not turn on the question whether the execution was void or voidable. The defendants, when they were not entitled to the possession of the property, and when they were not entitled to a writ of possession, took out the writ, and set the plaintiffs' property out on the street. This was a tort, and they must compensate the plaintiffs for such damages as they thereby sustained; for the plaintiffs were rightfully in possession of the rooms, and could not be lawfully disturbed until the expiration of three days after the judgment.

On another trial the court will exclude all evidence as to the plaintiffs having been heretofore evicted

by other landlords from places which they had rented. What had occurred on other occasions is incompetent here.

Judgment reversed, and cause remanded for a new trial.