# Black Mountain Corporation v. Jowdy.

(Decided February 3, 1925.)

## Appeal from Harlan Circuit Court.

1. Time—In Computing Time Wherein which Defendant in Forcible Detainer May Traverse, Sundays Must be Excluded.—In computing time within which defendant in forcible detainer proceeding may traverse, Sundays must be excluded.

2. Forcible Entry and Detainer—Plaintiff is Liable for Damages for Premature Issuance and Execution of Warrant of Restitution.— Plaintiff in forcible detainer proceedings, causing warrant of restitution to be issued and executed prematurely, is liable for damages.

3. Witnesses—In Action for Damages for Premature Issuance and Execution of Warrant of Restitution, Testimony of Plaintiff's Wife Held Inadmissible.—In action for damages from premature issuance of warrant of restitution in forcible detainer proceedings, testimony of plaintiff's wife, as to when writ was executed, held not admissible, under exception in Civil Code of Practice, section 606, as to action against a "wrongdoer" which applies only to actions for loss of baggage.

4. Forcible Entry and Detainer—Plaintiff Not Liable for Unnecessary Rough Handling of Defendant's Property by Officer in Executing Warrant of Restitution.—Plaintiff in forcible detainer proceedings is not liable for unnecessary rough handling of defendant's property by deputy sheriff in executing warrant of restitution not prematurely issued, where officer used his own discretion and judgment.

5. Witnesses—Wife's Testimony in Action for Premature Execution of Warrant of Restitution Held Inadmissible, on Theory that She was Acting as Agent of Husband.—In action for damages from premature issuance and execution of warrant of restitution, testimony of plaintiff's wife as to date of execution held not admissible under Civil Code of Practice, section 606, on theory that wife, present at time of execution of warrant, was acting as agent of absent husband.

6. Evidence—Court Presumed to have Issued and Officer Executed Writ of Restitution when Authorized.—In suit for damages for premature issuance and execution of warrant of restitution brought after lapse of two years, there is a presumption that the court issuing writ and officer executing it did so when authorized.

7. Forcible Entry and Detainer—Measure of Damages for Premature Issuance and Execution of Warrant of Restitution Stated.—Measure of damages for premature issuance and execution of writ of restitution is fair market value of plaintiff's property immediately before and immediately after removal and exposure to weather, not to exceed amount claimed.

HALL, JONES & LEE for appellant.

F. F. ACREE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Appellee, Doc Jowdy, by his petition herein filed on
October 31, 1922, sued appellant, Black Mountain Cor-
poration, and for his cause of action against it alleged
that it, through its agent and servant, Dick Middleton,
did on or about January 6, 1920, unlawfully, willfully,
forcibly and without his consent and against his will,
enter his dwelling house and remove therefrom, break
up, destroy and place outside and expose to the weather
and elements all his household goods and personal effects
to his damage in the sum of $1,500.00. Appellant
by answer traversed the allegations of the petition, and
in a second paragraph pleaded that on January 3, 1920,
in a proceeding in the Harlan county court appellee was
adjudged guilty of the forcible detainer of one of its
houses; that he did not on or before the third day after
the finding of the inquest file a traverse of the inquisition
with the judge who presided; and that thereafter it had
a warrant of restitution issued under which Dick Middle-
ton, a deputy sheriff for Harlan county, Kentucky, re-
moved the household effects and personal property of
appellee from the house, which facts it pleaded in bar of
appellee's right to recover. The affirmative allegations
of the answer were controverted of record by agreement.
The trial resulted in a verdict for $200.00 in favor of ap-
pellee, and appellant has brought the record here and
entered its motion for an appeal.

The judgment in the forcible detainer proceeding
appears to have been entered on Saturday, January 3,
1920. The writ of restitution which issued appears to
have been lost and none of the records of the Harlan
county court discloses the date on which it issued or on
which it was executed. Dick Middleton, the deputy
sheriff who executed it, frankly stated that he could not
remember either the day of the week or the day of the
month on which he executed the warrant owing to the
fact that he did so something over two years before the
date on which he was testifying. The only testimony
for appellee as to the date on which the deputy sheriff
and those assisting him removed his property from ap-
pellant's house was that of his wife, Dona Jowdy. Over
the objection of appellant she was permitted to testify
and she stated positively that Middleton removed their
personal property from the house January 6, 1920. This

court has held in Roettger, et al. v. Riefkin, et al., 130 Ky. 197, 113 S. W. 88, that in computing the time within which the defendant in a forcible detainer proceeding may traverse Sundays must be excluded. Consequently, if in this case the warrant of restitution issued and was executed on January 6, 1920, it was prematurely issued and executed, and as appellant's answer admits that it caused the warrant of restitution to issue it would be responsible for all the damage which resulted. As said in the Roettger case above:

> "The defendants, when they were not entitled to the possession of the property and when they were not entitled to a writ of possession, took out the writ and set the plaintiff's property out on the street; this was a tort and they must compensate the plaintiffs for such damages as they thereby sustained, for the plaintiffs were rightfully in possession of the rooms and could not be lawfully disturbed until the expiration of the three days after the judgment."

The only testimony, however, for appellee that the writ was executed on January 6th was that of his wife. It is insisted for appellant that her testimony was incompetent and should have been excluded. It is insisted for appellee that the testimony was competent and properly admitted under two of the exceptions to the general rule announced in section 606 of the code. Appellee insists that appellant on the occasion in question was a "wrongdoer" within the meaning of one of the exceptions to section 606. He is in error, however, because it is only in an action for loss of baggage or its value against a common carrier, an innkeeper, or a "wrongdoer" that the exception permits either or both the husband or wife to testify. Appellee also contends that in the transaction his wife was acting as his agent and that therefore her testimony was competent. That contention does not seem to the court to be sound. The removal by the deputy sheriff of appellee's personal property from appellant's house was done pursuant to and under authority of the writ in his hands. It was not a transaction between him and appellee in any sense of the word. If more than three days had elapsed, excluding Sunday, following the entry of the judgment finding appellee guilty of the forcible detainer complained of, the officer had the right and it was his duty under the writ to dis-

possess appellee. Unless three days had elapsed, excluding Sunday, the writ was prematurely issued and conferred no rights upon the officer, and appellant, who admittedly caused it to issue, would be liable for all resulting damage. While it appears that appellee himself was not at home when the writ was executed, it does appear that he returned before the day was over. Any damage done to his property was a matter that could be ascertained only from an examination of the property itself. The situation did not demand that appellee be represented either in person or by agent. The sole question to be determined was whether the writ was executed prematurely and if so what damage was thereby inflicted upon appellee. From this record it does not appear that appellant would be liable for any unnecessarily rough handling of appellee's property, if such was done, in the event the writ was executed after more than three days, excluding Sunday, had elapsed, because it appears that the officer executing the writ did so as an officer and that he used his own discretion and judgment as to the method and means to be used in removing the property from the house. Under those circumstances we conclude that the wife was not the agent of the husband in this transaction within the meaning of that provision of section 606 of the code, which reads:

> "And except that when a husband or wife is acting as agent for his or her consort, either of them may testify as to any matter connected with such an agency."

Consequently, the admission of the wife's testimony upon the trial of this case was erroneous and necessitates a reversal of the judgment.

Appellant insists that it was entitled to a directed verdict. Excluding the testimony of appellee's wife as to the date when the officer executed the warrant of restitution, appellee was entitled to a peremptory instruction. Nearly two years elapsed after the eviction before this suit was instituted. The presumption would be that the court issuing the writ and the officer executing it did so when authorized. No testimony save that of appellee's wife was sufficient to overcome that presumption.

Appellant insists that the instructions given by the court were erroneous. Since the judgment must be reversed for the reasons above indicated, it is unneces-

sary to discuss this question at length. Upon another trial, if appellee introduces sufficient evidence to overcome the presumption that the warrant of restitution issued and was executed at a time when authorized, and the evidence on the other questions be substantially the same as that upon the former trial, the court in lieu of the instructions given will give the following to the jury as the law of the case:

(1) If you believe from the evidence that the household goods and property of plaintiff, Doc Jowdy, mentioned in the evidence, were moved from the house by Dick Middleton and those assisting him on or before January 6, 1920, the law is for the plaintiff and you will so find, and unless you so believe you will find for the defendant.

(2) If you believe from the evidence that Doc Jowdy's household goods and property mentioned in the evidence were moved from the house after January 6, 1920, the law is for the defendant and you will so find.

(3) If you find for plaintiff you will find for him such a sum as will fairly compensate him for the damage, if any, done to his goods and property by being removed from the house and exposed to the weather and elements, and the measure of damages is the difference, if any, in the fair market value of such property immediately before and immediately after they were so removed and exposed, and your finding, if any, will not exceed $1,500.00, the amount sued for.

For the reasons indicated the appeal is granted, and the judgment is reversed for proceedings consistent herewith.