## Brummett v. Cosson.

June 14, 1946.

Henry L. Bryant and Robert J. Watson for appellant.

Hubert F. White and Logan E. Patterson for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

This action was brought by E. A. Cosson against U. G. Brummett, P. M. Parsons and J. S. York to recover $10,000 damages alleged to have been done certain personal property removed under a forcible detainer proceeding from premises rented by Cosson, and $10,000 damages plaintiff avers his business suffered by reason of the removal of his equipment and the. closing of his place of business. Brummett was the owner of the building plaintiff had rented, while Parsons was the magistrate from whose court the writs had issued and York was the deputy sheriff who served the papers.

The jury found in favor of the two officers but returned a verdict against Brummett for $6,000. To reverse the judgment entered thereon appellant assigns five errors; 1. A verdict should have been directed in his favor; 2. the verdict is excessive; 3. in fixing the value of the property before it was removed the jury should have been limited to the ceiling prices the Office of Price Administration fixed thereon; 4. the instructions were erroneous; 5. incompetent evidence was admitted in behalf of appellee. As we have reached the conclusion that the first ground is meritorious, it will not be necessary for us to consider the other four.

On October 2, 1941, Brummett leased to E. A. and J. E. Cosson a storeroom in Middlesboro to be operated as a pool hall and lunch room for a term of three years with an option to extend it for an additional two years. The written lease provided the rent was payable in advance on the first day of each month and that the premises could not be subleased without the written consent of the lessor. The lease contained a clause that if the rent remained unpaid for fifteen days after due, or for the violation of any of the conditions of the contract, the lessor could terminate the lease and repossess the premises.

E. A. Cosson obtained his brother's interest in the business and operated it successfully until he was inducted into the armed forces on Oct. 26, 1943, at which time he turned it over to Austin Coyle, who operated it but a short time and then the business was placed in charge of appellee's brother, Joe. There was some complaint from other tenants in the building as to the manner in which Joe was operating the place, and Brummett wrote appellee on Mar. 20, 1944, enclosing a letter dated Feb. 18th, addressed to Joe, wherein complaint was made of the manner in which Joe was conducting the business; also, mention was made about paying up the rent.

On April 27th appellee got a short furlough, came to Middlesboro and by a written contract dated May 2, 1944, subleased the premises and equipment to Gilbert Roberts for the duration of the war and six months thereafter. The contract provided that in the event Cosson was released from the service he might terminate the sublease on sixty days' notice. It further provided

that Roberts would execute a $5000 bond with good surety that he would comply with the terms of the agreement. It is not contended that Brummett gave his written consent to this sublease.

Roberts did not execute the bond and testified that Cosson waived that condition. This was denied by Cosson, who testified that the contract never became effective by reason of Roberts' failure to execute the bond. However, this sublease was duly signed by both Roberts and Cosson and the former took possession of the premises and equipment and paid Cosson the $200 rent for the month of May, as the contract provided. Cosson admits receiving this $200 rent from Roberts and that the latter took possession of the premises and equipment and paid him for certain merchandise on hand, although he denied the sublease was in effect because Roberts failed to execute the $5,000 bond.

On May 10, 1944, Brummett instituted a forcible detainer proceeding against Cosson, the trial of which resulted in a verdict in favor of Brummett and Cosson appealed to the circuit court by traversing the judgment. After the appeal, Brummett dismissed the action without prejudice. Then on May 17th he brought a similar proceeding against Roberts which was tried on Saturday, May 20th, with a verdict in Brummett's favor. On Monday, May 22d, Brummett obtained a writ of restitution against Roberts for the premises which bears this return near the bottom on the face of the paper: "Executed this 22 day of May 1942, by locking up said premises. J. S. Helton S. B. C. By J. S. York D. S." It is testified by York that he made a typographical error in writing 1942 and it should have been 1944. This is self-evident as all the other papers were dated in 1944. On May 23d, Brummett obtained a distress warrant against Cosson for $200 for the rent due on April 1st and on May 1st. The return thereon reads: "Executed, this 23 day of May 1944, by placing a distress warrant on said door located at 2028 Cumb Ave., Middlesboro Ky. J. S. Helton, S. B. C. By: J. S. York D. S."

There is considerable confusion in the testimony as to whether the place of business was closed by the deputy sheriff under the writ of restitution or under the distress warrant. But the fact that it was closed on May 22d is

uncontradicted, hence it must have been closed under the writ of restitution, as the distress warrant was not issued until the following day. Cosson's argument that the distress warrant was actually issued on May 22d and was dated May 23d by mistake is not supported by either the pleadings or the proof. After the levy of the distress warrant the rent was tendered Brummett in satisfaction thereof, and Cosson insists that under KRS 383.060 the distrained property should have been restored to him. But the return of such property would not put him back in possession of the building which was taken from him under a forcible detainer proceeding.

It is argued by Cosson that as the writ of restitution was issued on May 22d, in the face of sec. 463 of the Civil Code of Practice allowing three days for the judgment to be traversed, the writ was premature, therefore void, and all action taken under it was illegal. This writ was issued prematurely but that fact did not make it void, but only voidable, and it is not subject to collateral attack. Freeman on Executions, sec. 25, pp. 84-86; Roettger v. Riefkin, 130 Ky. 197, 113 S. W. 88. Furthermore, the judgment rendered against Roberts on May 20th was not traversed and no prejudice could result from the premature issual of the writ of restitution. Especially is this true in view of the fact that the writ was not enforced until June 16th, when the equipment was removed from the building and the owner placed in possession, as is shown by the return on the back of the writ. As we read the opinion in Black Mountain Corp. v. Jowdy, 207 Ky. 113, 268 S. W. 794 (upon which both sides rely), it was not the premature issual of the writ of restitution which gave rise to the cause of action, but the dispossession of the tenant and the removal of his household goods within less than three days after the judgment was entered finding him guilty of a forcible detainer.

This record shows that Robert J. Watson, attorney for Brummett, on May 23, 1944, wrote Cosson that the lease had been terminated and that a man by the name of Clark was interested in buying the equipment; that if Cosson wanted to sell, the writer thought he could arrange with Clark to make him a proposition. Watson never received a reply to that letter, yet Cosson when on the stand in rebuttal did not deny receiving it. Then

on June 5, 1944, Watson wrote Hubert White, attorney for Cosson, that arrangements had been made to store this equipment unless White had some suggestion to make. White offered no suggestion and the equipment was removed on June 16th, which was 24 days after the writ of restitution had issued and the doors of the place closed. Certainly, in view of these facts Cosson was not prejudiced by the premature issual of the writ. And, as above stated, it was issued against Roberts and is not subject to the collateral attack Cosson is here making upon it.

Cosson's theory of this action is that Brummett recovered possession of the premises on a writ of restitution prematurely issued and his act in removing the equipment and thereby putting Cosson out of business was illegal, or else Brummett wrongfully dispossessed him under a distress warrant, and is liable for the destruction of the business. His position is shown to be unsound by what has been said. Cosson's other ground for damages is based on the difference in the value of the equipment immediately before and immediately after its removal. But he failed to show any specific damage thereto resulting from Brummett's negligence in removing the equipment and as Brummett was acting within his legal rights in so doing, it follows that Cosson also must fail in his claim for damages alleged to have been done his equipment.

The judgment is reversed with directions that in the event of another trial a verdict will be directed in favor of Brummett should the evidence be practically the same as that heard on the first trial.